119 N.J. Super. 311 (1972)
291 A.2d 383
HELEN M. SHILOWITZ, PLAINTIFF-RESPONDENT AND CROSS-APPELLANT,
v.
STEPHEN SHILOWITZ, INDIVIDUALLY AND WITH JUSTIN C. HARRIS, AS EXECUTORS OF AND TRUSTEES OF TRUSTS CREATED IN THE LAST WILL AND TESTAMENT OF CHARLES SHILOWITZ, DECEASED, DEFENDANTS-APPELLANTS AND CROSS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued April 18, 1972.
Decided May 30, 1972.
*312 Before Judges LABRECQUE, KOLOVSKY and ALLCORN.
Mr. Albert G. Besser argued the cause for the appellants (Messrs. Hannoch, Weisman, Stern & Besser, attorneys).
Mr. Thomas J. Brady argued the cause for the respondent (Mr. Paul J. Modarelli, on the brief; Messrs. Milton, Keane & DeBona, attorneys).
PER CURIAM.
Other than as to the matters hereinafter noted, the determination of the trial court is affirmed essentially for the reasons contained in the opinion of Judge Lynch, 115 N.J. Super. 165.
Although we are in accord with the conclusion of the trial judge that plaintiff is not entitled to exoneration for all or any part of the difference between the principal sum of the Bowery Savings Bank mortgage and the unpaid principal balance due on the previous mortgage, we reach that conclusion on the single ground that decedent never became personally *313 liable to the Bowery for the mortgage indebtedness. Absent decedent's personal liability, the widow is not entitled to exoneration without regard to whether or not decedent's estate was enhanced as a result of the mortgage loan. McLenahan v. McLenahan, 18 N.J. Eq. 101 (Ch. 1866); Campbell v. Campbell, 30 N.J. Eq. 415 (Ch. 1879).
In the course of this appeal defendants advanced the argument that if the widow's dower interest is not to be charged with any part of the portion of the required quarterly mortgage payments applied toward the amortization of the mortgage principal, she should be chargeable with a sum equivalent to one-half of the interest on the full amount of the balance of the principal of the mortgage indebtedness as it existed at the time of decedent's death undiminished by any reduction arising from the payments on account of principal made by or on behalf of the remaindermen subsequent to decedent's death. Despite the failure of defendant to raise the issue before the trial court, the point is sufficiently compelling equitably as to require a disposition on the merits by this court.
The widow has a dower right only in the equity of redemption as it existed at the time of her husband's death. If the widow is charged with only one-half of the actual interest which accrues and is paid on the constantly reducing principal balance, the value of her dower interest is correspondingly increased as a result of the payments made on account of the principal  payments of principal made not by the widow, but out of funds belonging to the remaindermen. The consequent enrichment to the widow would be unjustifiable indeed, as well as contrary to established law. Swaine v. Perine, 5 Johns. Ch. 482, 493, 1 N.Y. Ch. 1148 (Ch. 1821); 4 Pomeroy's Equity Jurisprudence (5th ed. 1941), § 1223; 4 Kent's Commentaries (14th ed. 1896) 47; 4A Thompson, Real Property (1961 rep. ed.), § 1901 at 40-42; 5 Powell, Real Property (1971), § 668 at 129-135; 1 Scribner, Dower (2d ed. 1883), §§ 26-28; Restatement, Property, § 132.
*314 In light of the foregoing, during her lifetime the widows dower interest in the rents and profits of this real estate is chargeable with a sum equal to one-half of the interest on the full balance of the mortgage indebtedness as it existed at the date of decedents death, at the rate of interest fixed by the terms of the mortgage (5 1/2%), as it accrues  instead of with one-half the actual amount due and payable on account of interest on the declining principal balance.
Except as so modified, the judgment of the Chancery Division is affirmed in all respects.