# Hyzer *vs* Stoker and wife.

### ERROR TO THE BOURBON CIRCUIT.

### *Dower. Election. Rents.*

JUDGE EWING delivered the opinion of the Court.

THIS is a bill for dower and back rents, brought by a widow and her second husband, Stoker.

It is not proven that the widow and her second husband, when they left the premises, rented them to Reynolds, and though the proof is not satisfactory that they abandoned them, when they left, yet after an acquiesence in the possession and holding of Mrs. Hyzer, by the double right of heir and purchaser under execution, without claim for rent or dower on the part of Stoker and wife, we think,

A widow who abandoned the possession, then suing one who was in possession as heir and purchaser under execution allowed to make her election to take the use every 3d

*year, or one third of the rents in future, and only one third of the rents which had accrued. Such an election must be made in Court, not in the county.*

as complainants in Chancery, they ought not to recover more than the one-third of the value of the use. Had they asked for her dower, it would no doubt have been assigned her, and in that event she would have been entitled to the use of one-third only. And a Court of Equity, considering that as done which should have been done, will allow her no more. Had she remained in possession, or having rented out the premises and *received* the *rent,* in either case she could not have been required to *account* for the rents, until her dower had been assigned, as was determined by this Court in the case of *Chaplin* vs *Simmon's heirs,* (7 *Monroe,* 338,) and *White &c.* vs *Clark,* (*Ibid,* 642.) But after acquiescing in the holding of the heir and purchaser under execution for more than five years, without complaint, she comes into equity for dower and back rents, we think she ought to be content with the amount she would have been entitled to and received had her dower been assigned. There is also error in the decree in leaving Mrs. Stoker to make her election out of Court, whether she would take the one-third of the annual rents, or the use or rent of every third year. The election should have been required to be made in Court, and the decree rendered accordingly.

According to the best estimate we can make from the proof, of the value of the premises, we think the one-third of the amount, up to the rendition of the decree in October, 1841, was equal to about $90, after deducting a reasonable sum for taxes and repairs.

Decree reversed and cause remanded, that a decree may be rendered in favor of Stoker and wife for $90, and that dower may be allotted as intimated in this opinion.

*Trimble* for plaintiff: *Owsley & Goodloe* for defendants.