## ELIZA M. KIDDALL *vs.* WILLIAM TRIMBLE, SURVIVING EXECUTOR OF JANE JACOB.—*December*, 1849.

A husband died in 1809, seized of real estate, of which his widow was dowable. In 1841, the widow filed a bill to recover her proportion of rents and profits, against the executor of the party who had received them from 1809 to 1837. No person bound to assign dower was made defendant, and she had never recovered dower at law or in equity, and made no demand for it in this bill. No demand for dower had ever been made by her, until 1838, when she sued at law for the same rents and profits claimed in this bill, and in that suit the verdict and judgment were against her. No excuse for this delay was given, except the allegation in the bill, that "she was not apprised of her rights until after the death, in 1837, of the party who had received said rents and profits. She had, also, in 1839, assigned, by deed, all her dower interest to a third party. HELD: that she could not recover.

If there were no other objection to it, this would be regarded as a stale demand, a demand too recently set up to be established in equity.

If a widow has recovered dower at law, she may afterwards sue in equity for her proportion of rents and profits. So if a widow dies pending her suit for dower, equity will allow rents and profits to her administrator.

But if a widow, herself, consents to take dower without receiving her proportion of rents and profits, she can never afterwards recover them.

It would be difficult to decree rents and profits in this case, without questioning the correctness of the decision in *Steiger's Adm'r, vs. Hillen*, 5 G. & J., 121.

APPEAL from the *Court of Chancery*.

The appellant filed the bill in this case on the 2nd of November 1841, to recover, a proportion of the rents and profits of certain real estate, in which she claimed dower, upon the allegation that her former husband, *William J. Chase*, died seized thereof.

The facts of the case charged in the bill admitted in the answer, and by agreement of parties, are these: *William Jacob*, the grand-father of said *Wm. J. Chase*, died on the 15th of July, 1804, intestate, seized in fee of the property in question, leaving a widow, *Jane Jacob*, the testatrix of the appellee, and three grand-children, his sole heirs at law, viz: 1st. Said *William J. Chase*, who died in 1809, having previously, in 1807, intermarried with the appellant, by whom he had one child, a daughter, who died in 1819. 2nd. *Anne Chase*, who married and died, leaving one child, now living. And 3rd. *Maria Chase*, who married and died before the death of her brother *William*, intestate, and never having had issue. After the death of her said husband, the appellant intermarried with *John Kiddall*, who died in 1816, from which time she has remained a widow. *Jane Jacob*, widow of said *William Jacob*, entered into possession of his whole estate upon his death, and continued until her death, on the 19th of July, 1837, taking to her own use the whole rents and profits thereof, under the mistaken idea that she had a right so to do, under the will of her said husband, and the appellee is her surviving executor. On the 9th of November, 1838, the appellee instituted in *Baltimore* county court an action on the case for money had and received, to recover of the appellee, as executor as aforesaid, the rents and profits which it is the object of this bill to recover; and on the 22nd of September, 1841, upon the plea of *non assumpsit*, the jury, under the instruction of the court, that the plaintiff was not entitled to recover, found a verdict for defendant, upon which judgment was rendered accordingly. On the 8th of April, 1839, pending this suit in the county court, the appellant conveyed by deed, for the consideration of $300, all her dower interest in the real estate of her former husband.

the said *William J. Chase,* to *Mrs. Jane J. Delaroche.* The appellant has never otherwise made demand of her said dower, than by the institution of said suit at law, or the filing of this bill. Assets in the hands of the defendant were also admitted.

The bill alleges, as an excuse for the delay in preferring her claim, that complainant was "never apprized of her rights until after the death of the said *Jane Jacob,* and prays for an account of the rents and profits of said real estate, from the death of said *William J. Chase,* in 1809, till the death of said *Jane Jacob,* in 1837, and for a decree paying to her her share thereof, and for general relief.

The appellee, as surviving executor of said *Jane Jacob,* was the only defendant to this bill, and in his answer, after admitting most of the facts above stated, relies upon four grounds of defence. 1st. That the complainant, by conveying all her dower interest by the deed of the 8th of April, 1839, has transferred all her title thereto, and has no claim for the interposition of a court of equity. 2nd. That the verdict and judgment at law, in 1841, is a bar to the present claim. 3rd. That complainant having made no demand of dower from the death of her husband, in 1809, until the institution by her of the suit at law in November, 1838, and then only so far as the action thus brought was concerned, is precluded now from asserting any such demand. 4th. That the statute of limitations is a bar.

The chancellor, (JOHNSON,) on the 18th of February, 1848, passed a decree dismissing the bill, from which the complainant appealed to this court. The opinion of the chancellor, accompanying this decree, is reported in 1 *Md. Ch. Decisions,* 142.

The cause was argued before CHAMBERS, SPENCE, MAGRUDER, and FRICK, J.

By DANELS and T. P. SCOTT, for the appellant, and By DAVID STEWART, for the appellee.

MAGRUDER, J., delivered the opinion of this court.

27     v.8

*William J. Chase*, the former husband of the appellant, is stated to have died about the year 1809, seized in fee of real estate in the city of *Baltimore*.

The appellant filed this bill on the 2nd November, 1841, claiming her proportion of the rents and profits of her husband's estate, which descended to him from his grand-father, *William Jacob*, and which, it is charged, were received by his widow. Against her surviving executor the bill is filed. No person who can assign the dower is made a defendant, and the bill only asks that the rents and profits be decreed to her.

To this claim various objections have been made, and among the rest, that the appellant having assigned her right of dower to a third person, without having demanded her dower, she cannot claim, in equity, her share of the rents and profits. The bill was dismissed by the chancellor.

No doubt if the appellant had recovered her dower at law, she might afterwards have sued in equity for so much of the rents and profits as she was entitled to. So if a widow dies pending her suit for dower, a court of equity will allow rents and profits to her representatives. But if she, herself, consents to take dower, without receiving her proportion of rents and profits, she can never afterwards recover the latter. For this law, see *Steiger vs. Hillen*, 5 *G. & J.*, 121.

At law, no one, it is presumed, would insist that she could recover her proportion of the rents and profits. If she cannot at law, how can she claim them in equity? " There have been doubts" says *Maddox*, (1*st Chy. Practice*, 242,) "as to the principle on which equity first interfered in cases of dower, in being *a mere legal demand.*" And all the writers seem to suppose that her title to equitable relief is owing to the difficulties under which the widow labors at law. Having *thus* possessed *itself* of jurisdiction in the case, chancery goes on to decree an account of rents and profits.

The right to rents and profits, or damages for withholding dower, is also a legal claim, being given by the *Statute of Merton*, and recoverable at law. And it is by no means clear, when chancery first undertook to decree the rents and profits, on what

the equity was founded, unless as *Park*, in his work on dower, ch. 15, suggests, "the claim of arrears involved a species of account, and the court having thus obtained a jurisdiction of the subject, would proceed to decree complete relief."

A widow, framing her bill correctly, may demand in chancery, dower in any lands of which her husband was seized during coverture, provided she makes the demand of the person who is bound to assign that dower to her. But no such person is a party to this suit, and no such demand is made. All that she asks for is, that her share of the rents and profits be paid by the executor of the person who, she alleges, held the land until her death.

If, in this suit, chancery can decree rents and profits, later rents and profits may be claimed in a subsequent suit, and thus her right of dower will enable her, and those claiming under her, to treat the heir as a tenant.

It will not be affirmed that this case, and that of *Steiger's Adm'r, vs. Hillen, (5 G. & J.,)* are precisely alike. It would be difficult, however, to decree rents and profits in this case, without seeming to question the correctness of that decision.

The complainant in this case neither asked for dower, nor had established or obtained her dower elsewhere. It is possible that if she was to claim it, and, of course, made the person who had an interest in, and the means of contesting her right of dower, she might fail in establishing it. Surely rents and profits ought not to be decreed, while it is yet uncertain whether she ever had a right of dower.

In the case of *Steiger's Adm'r, vs. Hillen*, this court said: "After the lapse of twenty-five years from the inception of title, a delay entirely unexplained, and without any claim whatever in the intermediate time being made, it would seem to be against policy and convenience to allow the commencement of a controversy for rents and profits." In the case before us, there was an interval of more than thirty years between the death of the husband and this application. The husband of the complainant died in 1809, and this bill was not filed until 1841.

The complainant, it is true, according to the paper of admis-

sions, instituted an action at law to recover these rents; but the result of that suit cannot, in any way, benefit her in her efforts to recover them in equity.

Every thing stated as above, in *Steiger vs. Hillen*, is equally true in this case, except it be, that there "the delay was entirely unexplained." Here we are told, in the bill of complaint, " that she (the complainant,) never was apprized of her rights till after the death of the said *Jane Jacob.*" Such allegations are very usual in bills, but do not seem, of themselves, to furnish sufficient excuse for unreasonable delay in the assertion of legal rights. Did it proceed from her ignorance of the right of a widow to dower in lands of which her husband was seized during the coverture? From her ignorance of the persons to whom she was to apply, in order to have dower assigned to her? Of such ignorance as this, if explicitly stated, she could not avail herself, because the great object in selecting chancery as the tribunal from which she is to obtain relief, is, that there she is supposed to be " able to ascertain the lands out of which she is dowable, and the persons against whom to bring her writ." But the conveyance by her of her right of dower, shows that she did not *immediately* file her bill, and the paper of admissions shows that she was seeking relief elsewhere.

*Jane Jacob* died in 1837, more than six years before the filing of the bill.

*William Jacob,* it is admitted, died seized in fee of the land. His widow, then, we have a right to suppose, was entitled to dower. It was not the fault of *Jane Jacob*, that the complainant, if entitled to it, did not obtain her dower. Complainant's husband, according to the paper of admissions, was entitled to an undivided third part of this land, and subsequently, upon the death of a sister, to an undivided moiety; the widow of *Jacob*, the whole time, and until her death, having a right of dower therein. The complainant, in her bill, states that she, herself, " after the death of her husband, intermarried with one *John Kiddall*, and that he died about the year 1816." The rents and profits to which his wife was entitled, he was authorised to demand, and may have received, though the evidence

of the payments to him, may not, after the lapse of more than twenty-five years, be within the reach of the present defendant, (appellee,) who is not to be presumed to have had any knowledge of the claim, or the manner in which, at any time, it was satisfied.

Upon the whole, this seems to be what the law pronounces to be a stale demand, a demand too recently set up, to be established in equity, even if there did not exist other objections to it, and we do not think that the chancellor erred in dismissing the bill.

DECREE AFFIRMED.