CRAIGE and wife *vs.* MORRIS and others.

A widow, whose dower has not been assigned, cannot be required to account for the rent of the mansion-house, although she has rented it and received rent for it. Her tenant's possession is hers.

On bill and answer, in partition.

*Mr. P. L. Voorhees*, for complainants.

*Mr. S. H. Grey*, for the widow.

THE CHANCELLOR.

The bill in this cause prays that a fair partition may be made of the real estate of Elwood Morris, deceased, among the persons entitled thereto, and if that be impracticable, the premises be sold and the proceeds divided. It seeks to charge the widow, in the division of the proceeds, with rent received by her from the premises, which appear to be a house and lot in Camden, the lot being forty feet by one hundred and fifty. It was her husband's mansion-house at the time of his death. For part of the time since her husband's death, she has rented the premises and received the rent. Her dower has not been assigned. This claim to an account is based on the proposition that the widow loses her right of quarantine, unless she personally occupies the mansion-house. Our act provides that it shall be lawful for the widow to remain in, and to hold and enjoy the mansion-house of her husband, and the messuage or plantation thereto belonging, until her dower be

assigned to her, without being liable to pay any rent therefor. The estate thus given to her is not a common law quarantine of forty days, but a freehold for life, unless sooner defeated by the act of the heir. *Ackerman* v. *Shelp,* 3 *Halst.* 125 ; 4 *Kent's Comm.* 62. The estate is a continuation of that of the deceased husband. Nor is it liable to forfeiture by reason of the failure of the widow to occupy in person. She may occupy by her tenant. The possession and occupancy of her tenant is hers. The design of this, and like acts in other states, has been frequently said to be to provide support for the widow, and to coerce the heir to an assignment of her dower. This purpose would comparatively be but indifferently accomplished by the construction contended for in this case. In other states the subject has received consideration, under statutes similar to ours. In Mississippi, where the act provides that the widow shall " retain full possession, free from molestation and rent," it was held that she might hold by her tenant. *Doe* v. *Bernard,* 7 *S. & M.* 319, 324. The like construction has been put upon the Kentucky act, where the provision is, that the widow may " tarry in the mansion-house and plantation thereto belonging, rent free." *Chaplin* v. *Simmons' Heirs,* 7 *Mon.* 338 ; *White* v. *Clarke, Id.* 642 ; *Hyzer* v. *Stoker,* 3 *B. Mon.* 117 ; *Burks' Heirs* v. *Osborn,* 9 *B. Mon.* 580. So, too, in Alabama, where the provision is, that it shall be lawful for the widow to retain the " full possession, free from molestation or rent." *Inge* v. *Murphy,* 14 *Ala.* 289. In that case, the court said : " The object of the act must have been to provide a support and maintenance for the widow, until her dower should be allotted to her, on which she might enter, and having the right of possession by this statute, she is entitled to recover the rents and profits, and may hold the premises, free from molestation or rent. Nor could it have been the object of the statute to coerce her to remain in person on the premises, or rather to make her title dependent on that condition, for it may be that she could only derive a support from the premises by renting them ; and to hold that the mere removing from the premises,

defeats this right, might, in many instances, defeat the very intent of the statute, which is a provision for the widow until her dower is set apart for her." In McLaughlin v. McLaughlin, 7 C. E. Green 505, it was held that a widow, who remains in the possession of the mansion-house, cannot be required to account for the rent thereof, in case she claims damages for the detention of her dower in the other lands of her husband.

The character of her estate, the source from which it is derived, and a fair construction of the language of the statute, alike forbid that the widow should be held to account to the heirs-at-law for the rent received by her.

There will be a decree accordingly.