Huldah T. Campbell

*v.*

Peter F. Campbell and others.

On a bill for dower in lands of an intestate, of three kinds : (1) that which was subject to a mortgage put thereon by the intestate ; (2) that which was purchased by him subject to a mortgage, the amount of which was allowed to him as so much of the purchase-money, and the payment thereof assumed by him ; and (3) that which belonged to him as a member of a partnership,—*Held*,

(1) That, as to the first class, the personal estate must exonerate the land, and dower be assigned therefrom as if unencumbered.

(2) That, as to the second class, a mere assumption of a mortgage by a decedent is not such proof of an intention to make the debt his own as renders his personal estate primarily liable therefor, and dower must be assigned therefrom, subject to the mortgage.

(3) That, as to the third class, dower must be assigned, subject to the equitable adjustment of the claims of the partnership creditors, and of the partners *inter sese*.

Bill for dower.　On final hearing on pleadings and proofs.

*Messrs. Collins & Corbin,* for complainant.

*Mr. Wm. A. Lewis,* for defendants.

THE CHANCELLOR.

Neil Campbell died in 1877, intestate, leaving a widow, but no children. His heirs at law are his brothers and a sister. His widow files her bill for discovery, and to ascertain and establish her rights as to dower, and for the assignment of her dower accordingly, in certain real estate in this state, of which he died seized, or in which he had an interest. For a number of years prior to his death he was engaged in business, in partnership with Richard C. Washburn, under the firm name of Washburn & Campbell. The business of the firm is not yet completely settled. Mr. Campbell was, at his death, the owner of real estate which was his individual property, and he was interested, as a partner, in real estate which belonged to the firm of Washburn & Campbell. Of the real estate owned by him, individually, some was free from mortgage, some was subject to mortgage which had been put upon it by him, and the rest was subject to mortgage which was upon it when he bought it, and subject to which it was conveyed to him, the amount of the mortgage being allowed to him as so much of the purchase-money of the property, and he having expressly, as between him and his grantor, assumed the payment thereof.

It is, of course, unnecessary to speak of the real estate owned by him individually which was not subject to any encumbrance. It is almost equally so with regard to that part of such real estate which is subject to mortgage put thereon by him. His personal estate is bound to exonerate that land from the burden of the mortgage. *Keene* v. *Munn,* 1 *C. E. Gr.* 398; *McLenahan* v. *McLenahan,* 3 *C. E. Gr.* 101.

As to that which was purchased by him subject to mortgage, the amount of which was allowed to him as so much of the purchase-money, and the payment whereof he assumed, his personal estate is not bound to exoneration.

Campbell *v.* Campbell.

In such case, to make his personal estate primarily liable, there must be clear evidence of an intention to make the mortgage debt his own. The weight of authority, both in this country and in England, is, that the personal estate is not primarily liable, unless the grantee has not merely made himself answerable for the payment of the mortgage, but has made the debt directly and absolutely his own, or has in some other way manifested an intention to throw the burden on the personalty. But the point under consideration was directly passed upon and decided in *McLenahan* v. *McLenahan, ubi sup.* There the amount of the mortgage had been allowed to the intestate as so much of the purchase-money. See, also, *Crowell* v. *Hospital of Saint Barnabas,* 12 *C. E. Gr.* 650, and *King* v. *Whiteley,* 1 *Hoffm. Ch.* 477.

The real estate of a partnership, purchased with partnership funds, or for the use of the firm, is subjected to the doctrine of equitable conversion, so far as necessary for the purposes of the partnership, but otherwise it retains its legal character and incidents. It is, in equity, chargeable with the debts of the copartnership and any balance which may be due from one copartner to another, on the winding up of the affairs of the firm, and as between the heirs at law and the personal representatives of a deceased partner, his share of the surplus of that real estate remaining, after paying the debts and adjusting all the equitable claims of the different members of the firm as between themselves, is to be considered and treated as real estate. The widow of such deceased partner will be entitled to dower in his share of any real estate of the firm not required for the payment of such debts and the adjusting of such equitable claims. *Uhler* v. *Semple,* 5 *C. E. Gr.* 228; *Buchan* v. *Sumner,* 2 *Barb. Ch.* 165; *Shearer* v. *Shearer,* 108 *Mass.* 107; 1 *Washb. on R. P.* (4th ed.) 669; 1 *Scribner on Dower* 536; *Foster's Appeal,* 74 *Pa. St.* 391.