Shields *v.* Hunt.

## FANNY SHIELDS

*v.*

HOLLOWAY W. HUNT, executor of the last will and testament of Thomas Shields, deceased.

A widow who has dower by the judgment of a court which cannot award her damages or compensation for mesne profits, may maintain a suit in equity for their recovery.

On final hearing, on bill and answer and proofs taken in open court.

*Mr. William B. Guild, Jr.,* for complainant.

*Mr. Henry C. Pitney,* for defendant.

VAN FLEET, V. C.

This is a bill for an account. The complainant bases her right to the decree she asks on the ground that she is a dowress, and, as such, is entitled to a share of certain rents which the defendant has received as the representative of her husband. The following are the material facts: The complainant is the widow

of Thomas Shields, who died on the 28th of September, 1880,
leaving a will. The complainant, with others, interposed a *caveat*
against the probate of the will, but, after a hearing, it was admitted
to probate on the 24th of January, 1881. The will made pro-
vision for the complainant in lieu or bar of her dower, which
she refused to accept by dissent filed March 29th, 1881. The
testator died seized of over five hundred acres of land, situate in
two different counties. The complainant remained in possession
of the testator's homestead, consisting of a farm of one hundred
and thirty acres, with the mansion-house, from the time of his
death until her dower was set off. She paid no rent, but took
the crops which she put in as well as the other products which
matured during her occupancy. The land in which she was
entitled to dower being situate in two different counties, the
complainant, on the 3d of May, 1881, instituted proceedings in
the prerogative court, for the assignment of her dower, and a
final decree was made therein on the 8th of August, 1881. The
testator, in his lifetime, executed three mining leases, whereby
he granted to the lessees the right to mine and remove ore from
certain of his lands, they covenanting to pay a fixed price per
ton for all ore removed. Two of the leases provided that the
lessees should pay for a certain number of tons annually, at the
price agreed upon, whether they mined and removed that quantity
of ore or not. Two of the leases embraced parts of the home-
stead farm, and the third a part of a farm called the Brown
farm. The leases were still in force when dower was assigned,
and one-third of the rents or royalties accruing under them,
together with a part of the homestead farm, was assigned to the
complainant for her dower. The defendant was authorized, by
the will of the testator, to receive the rents or royalties accruing
under the mining leases, and also to demise the other lands of
the testator, and to receive the rents. He admits that between
the death of the testator and the date when dower was assigned,
he received, under one of the mining leases, over $2,500. The
object of this suit is to recover one-third of the rents and profits
of all the lands of which the testator died seized, from the date
of his death up to the date of the assignment of dower.

Shields *v.* Hunt.

The principal ground on which the complainant's right to the relief she asks is resisted, is that, by the course she adopted to have her dower admeasured, she must be understood, as a matter of law, to have waived her right to what she now claims. The argument in support of this contention is this : The complainant had a choice of remedies ; she was at liberty to sue at law, or to proceed in equity, in either of which methods she would, in addition to her dower, have been entitled to recover a share of the rents accruing subsequent to the death of her husband; or she was at liberty to apply to the prerogative court for a simple admeasurement of her dower, without damages or compensation for mesne profits. Having voluntarily adopted the latter course, and sought the aid of a tribunal which she knew was incompetent to give her anything but land, she must be understood as having abandoned whatever else she was entitled to. This view, I think it is entirely clear, has no support either in the language or the purpose of the statute relative to dower. The statute contains no words indicating, even remotely, that, if a widow adopt one remedy for the recovery of her dower rather than another, she shall; in consequence of having resorted to that particular remedy, be understood as having waived rights which she would have been entitled to had she pursued a different remedy. The statute, as I understand it, endows her not only of one full, equal third part of all her husband's lands from the time the same shall be admeasured or set off to her, but when he dies seized she is entitled to the whole value of her dower from the time of her husband's death. The pertinent words of the statute, to the case in hand, are : That if the widow's dower be not assigned to her within forty days after her husband's death, she may sue for and recover the same with damages ; that is to say, the value of the whole dower belonging to her from the time of her husband's death, if he shall die seized, unto the day that she shall recover seizin of her dower by the judgment of the court. *Rev. p. 321.*

Until her dower is assigned, the rights of a widow in the lands of her husband are in a very imperfect state. She cannot enter upon them against the consent of the heir, nor maintain

ejectment for them; nor can her interest in them be seized on execution, nor transferred at law except by release to the terre tenant. *2 Scrib. on Dower 37, 40.* After dower has been assigned, however, the widow's seizin relates back to the time of the death of her husband, and the antecedent seizin of the heir, which took effect on the death of the husband, is considered as never having had an existence, and she is, in the contemplation of law, the immediate successor in title of her husband. *2 Scrib. on Dower 721.* And it is by force of this rule that by the assignment of dower she becomes the immediate successor in title to her husband, that a widow is permitted to maintain, even against the heir, an action to recover damages for injuries inflicted upon the land assigned subsequent to the death of her husband and before her dower is assigned. *Rogers* v. *Potter, 3 Vr. 78.* Applied with the utmost strictness, this principle would unquestionably entitle the complainant to one-third of the rents accruing under the mining leases, between the time of the testator's death and the date of the assignment of her dower. One-third of those rents was set off to her as part of her dower, and by the force of this principle her title to that share immediately succeeded that of her husband, and took effect, in legal theory, on the day he died.

But this action also has the support of precedent. Not, however, in this state, but in Maryland. There the courts of law have power, as the prerogative and orphans court have here, simply to admeasure dower, but not to award damages or to make compensation for mesne profits, and yet there it is held, that where dower is set-off by a court of law, the dowress may maintain a suit in equity to recover mesne profits, and that a court of equity, in such a case, is the only tribunal which can administer full and appropriate relief. *Selliman* v. *Bowen, 8 Gill & J. 50; Kiddall* v. *Trimble, 8 Gill 207.* To hold otherwise, the court says, would work a practical ouster of jurisdiction of the courts of law, for no one would ever seek their aid if it were known that the penalty of doing so was to lose all right to mesne profits. The design of our statute, conferring jurisdiction on the orphans court to admeasure dower, has been declared to be to furnish a

more simple, economical and expeditious method of assigning dower than those previously in use, and not to deprive the widow of any of her legal rights, nor of any of her remedies. *In re Garrison, 2 McCart. 393.* It was argued in *Selliman* v. *Bowen*, as it has been in this case, that the widow's right to mesne profits is a mere incident of her right of dower, and so inseparable from the dower itself, that if the widow accepts the dower without the incident, she loses the incident, as the incident can have no existence as property, or as a property-right, separate from and independent of the principal thing to which it pertains. The same argument was urged in *Rogers* v. *Potter*. Both courts, however rejected this reasoning as unsound, and the court of appeals of Maryland held, as I think it was bound to do, that inasmuch as it is the clear purpose of the law to give a widow whose husband dies seized, a share of the profits of his land accruing between his death and the time when the dower is assigned, her right in that regard is just as much entitled to protection as her right to one-third of his land, and that, therefore, the person who, for that period, receives the rents, should be regarded as the bailiff or trustee of the widow, and liable to an action by her if he refuses to account to her for his stewardship.

The complainant's right to maintain this action is, in my judgment, clear both upon principle and authority.

The complainant's right to relief is also resisted on the ground that whatever delay occurred in the assignment of her dower was the result of her own conduct, and not the fault of the defendant, or of the heirs of the testator, and she should therefore bear the consequences of it herself. It is said that she interposed a caveat against the probate of the will and thereby delayed its admission to probate for over three months; and after the will was established, she again, for more than two months, delayed deciding whether she would abide by the will or not. It is also said that until she rejected the provision made for her by the will, it was not possible for the defendant or any other person either to assign dower to her or to institute proceedings for that purpose; and that when she instituted proceedings herself, the defendant gave her all the aid in his power to facilitate them. Conceding

all this to be true, still I think it is impossible to find anything in it which will afford the slightest ground, either legal or equitable, on which the complainant can be denied relief. She had a right to file a caveat, and by doing so neither impaired nor imperiled her rights as dowress. She exercised her right of election within a reasonable time after the will was established, and the moment she did so she stood invested with the rights conferred by the statute, to the same extent and in the same manner that she would have been had her husband died intestate. Her right of election was free and unclogged. In order to exercise it freely she was required to surrender nothing but what the will offered in lieu of her right of dower. Yielding that, she was entitled to all the law gave her. To entitle a dowress whose husband died seized, to mesne profits, no demand of dower is necessary. The statute, in such case, makes it the duty of the heir to assign dower within forty days after the death of the husband, without demand, and if he fails to do so, the widow is entitled to mesne profits. When the husband dies seized, a plea of *tout temps prist* is no bar to a claim for mesne profits, because the right to them, under our statute, does not at all depend upon a previous demand. *Hopper* v. *Hopper, 2 Zab. 715.*

The complainant is entitled to a decree for an account. In taking the account, the homestead farm, or so much of it as the complainant has had the use of, must be excluded. She had a right, by the statute, to hold the homestead free of rent until her dower was assigned, and the fact that she occupied it up until that time neither bars her right to a share of the rents of the other lands, nor diminishes the amount to which she is entitled. *McLaughlin* v. *McLaughlin, 7 C. E. Gr. 505.* The complainant is entitled to costs.