Kouvalinka *v.* Geibel.

JOHN KOUVALINKA         .

*v.*

MARIA GEIBEL et al.

1. A testator gave portions of his real estate to his widow for life and the balance to his children in fee, with a power to his executors to sell at their discretion, and a direction to divide the proceeds of sale amongst his children. —*Held,* that the executors, having exercised their discretion and made sale,. there was a conversion, and that the proceeds must be disposed of as personal property.—*Held,* also, that the interest of the children in the portion given to them in fee vested at the death of the testator and not at the period of distribution ; and that half of the portion given to the widow vested in the ·children in case of the marriage of the widow, at the time of such marriage, and the balance at the death of the widow.

2. Notwithstanding the testator first said he gave the lands to his children in fee, he also directed his executors to take charge of the share of one of them and to pay her the proceeds and interest, without saying anything more as to the fee.—*Held,* that in this case the fee was disposed of, and that the testator did not die intestate.

*Mr. T. S. Henry,* for complainant.

*Mr. Philemon Woodruff,* for defendant.

BIRD, V. C.

This bill is for the construction of a will. The testator gave a portion of his real and personal estate to his wife, to be held by her so long as she should remain his widow, and in case of remarriage, then only one-half of the real estate so given to be enjoyed by her during the term of her natural life. The balance of his estate he gave to his three children, share and share alike,.

"To have and to hold the three undivided fourth parts of my said real estate, in equal portions, and to their and to each of their heirs and assigns forever."

He directed that the portion of his estate not given to his·

widow should go to and be equally divided among his three
·children,

> "To have and to hold the same unto my said three children from and after
> the time of my decease, to them, their and each of their heirs and assigns for-
> ·ever, except as hereinafter mentioned."

He then provides that the share of his estate given to his daugh-
ter Antonia should not go into her possession but should be re-
tained by his executors, to be held by them for the benefit of An-
tonia. The executors were directed to sell any part of the real
estate so given to Antonia and to manage her estate.

> "And the proceeds arising therefrom shall be paid over to my daughter
> Antonia half-yearly, and the separate receipt of my said daughter therefor to
> my said executors shall be a sufficient discharge to them in that behalf, and
> such proceeds, interests and profits of the share and interest of my said daugh-
> ter Antonia shall be paid to her every half year during the term of her
> natural life."

He then declares that if any child should die leaving lawful
issue, that in such case the issue should take the parent's share, but
in case of the death of any leaving no lawful issue him or her
surviving, then the share of the one so dying should be divided
among the surviving children, equally. He then appointed his
executors and empowered them to sell his real estate upon the
request of his wife, or, in case of her death or remarriage, at their
own discretion. The widow and the three children are still liv-
ing, and the estate, real and personal, has all been converted into
money, and is now in the hands of the executor for distribu-
tion.

I am asked, first, to determine whether the money realized
from the sale of the land shall be treated as real estate or as per-
sonal, in the distribution thereof. In other words, did the
authority given to the executors to sell upon a request in writing
by the widow, or, in case of her death or remarriage, upon their
own discretion, work an equitable conversion? I have consulted
a great many cases, and have found none going so far as to hold
that an equitable conversion arises in case a sale depends upon

the request of a third person, or upon the discretion of the executor or trustee, until the request has been made or the discretion has been exercised in making a sale. But I think, where the testator authorizes a sale under either of the conditions named, and a sale is made accordingly, conversion is complete. In. *Wurts's Exrs.* v. *Page, 4 C. E. Gr. 365, 375,* in speaking of discretionary powers in such cases, the court said : " The real property could not be considered as converted into personal property *until actually sold.*" In *White* v. *Howard, 46 N. Y. 144, 162,* the court says in such case there can be no conversion in the " absence of an actual sale." *Atwell* v. *Atwell, L. R. (13 Eq.)* *23 ; Polley* v. *Seymour, 2 Y. & Coll. (Exch.) 708 ; Ex parte Hardy, 30 Beav. 206 ; Weeding* v. *Weeding, 1 Johns. & H. 424.*

I am next asked to determine when the gifts take effect. Do they take effect before the period of distribution, or at the period of distribution, or at the death of the widow ? The widow remarried, and so took only one-fourth of the real estate instead of a half, and the three children took the three-fourths from and after the remarriage of the widow, during the term of the. natural life of the widow, and the testator adds:

" And from and after the death of my said wife, to have and to hold the said; real estate, and the whole thereof (as well as the said one-fourth part hereinbefore given to my wife for the term of her natural life), as also the remaining. three-fourths thereof, to them, my said three children, in equal portions, share and share alike, their and each of their assigns forever."

In case the widow did not remarry, he gave the one-half of his lands to his said children, *to have and to hold them from and' after the time of his decease.* Therefore, had not the widow married, the one-half of the real estate would have vested and taken effect in the children at the death of the testator. But the widow did marry, and, therefore, the preceding clause, which gives three-fourths to the children and their heirs and assigns, to hold during the lifetime of the widow, and after her death the remaining one-fourth, must be applied and have full consideration. I think the testator intended to give one-half of his estate to his three children absolutely, from the date of his death,

excepting only the share to Antonia, who, while she had the fee, had the rents or interest only through trustees; and in case of the marriage of the widow, the children took an additional one-fourth, and at her death the balance. If I am correct in this view, then the three children had a vested interest in possession of one-half of the real estate upon the death of the testator, and in one-half of the balance or one-fourth of the whole upon the marriage of the widow, and of the remaining one-fourth at her death.

· But it is said the land has been sold by the executor, and that he now holds the proceeds, and the practical question, Who is entitled thereto? still remains. If I am right in my judgment that from and after the sale of the land the proceeds became personal estate to all intents, then it would seem that the distribution must be made as personal property would be. And yet the will must be the guide. I think the order of distribution has been already indicated. I cannot conceive of any authority for changing the plain meaning of the testator. As to half of the estate the interest was vested upon the death of the testator. The children were then entitled, and had they or either of them died before a sale, there can be no doubt but that the proceeds of sale which such child would have been entitled to had he survived, would devolve upon his personal representatives. This same observation applies to the interest of the children in the estate at the marriage of the widow, and at her death. Hence, since the children are all living, three-fourths of the estate in hand must be divided amongst them.

This being so, I am next asked what disposition *can* be made of Antonia's share, which is given to the executors or to the survivor for her use and benefit. They are directed to manage and control her interest, and to pay to her " the interest and proceeds " half-yearly. The answer, I think, is plain. The executor now surviving must take charge of her share, safely invest it, and pay to her the interest half-yearly.

The testator did not die intestate as to the principal of which the interest is payable to Antonia; it is given to her in the same

Ocean Grove *v.* Asbury Park.

words that the principal is given to the other two, and at her death will pass to her next of kin.

There seems to be nothing to prevent a distribution of the three-fourths at this time, as above indicated. The remaining one-fourth must be paid to the widow, to be enjoyed by her during her natural life. If necessary to its safety, security will be required of her. I am asked if she cannot take a sum in gross. I know of no authority for so advising. As the period of distribution of that fourth is after her death, and as the absolute vesting of the interest in those who will be entitled is postponed until after that event, I cannot perceive how the children now living can consent that a sum in gross shall be paid so as to bind their offspring in case of the parent's death before the period of distribution under the will shall have arrived. It seems to me most plain that in case of the death of one of the children, leaving children, such children will be entitled to the proportion of the one-fourth which the parent would be entitled to if living.