This bill is filed to ascertain the dower of Sarah Carrig in premises situated at Springfield, New Jersey.
All parties consent to a sale of the property, so it will be decreed.
Certain facts were referred to a special master to take testimony and report. He has filed his report.
First, the age of the doweress. The master found Mrs. Carrig to be sixty-one years old. There is some dispute as to this, as Mrs. Carrig was born in Ireland, and it is, apparently, impossible to produce a birth certificate. Complainant thinks she is sixty-five, but produces no evidence in support of this view. I shall accept the conclusion of the master, as I believe the preponderance of the testimony is to that effect.
Second, the value of the property. The master found from the testimony taken by him that it is $9,000. *Page 606 
I shall confirm his report in this respect. This would make her dower $1,396.38.
Third, the right of the doweress to receive rent for the property since the death of her husband. It appears that Josephine Carrig, a co-heir, occupied part of the premises, and rented another portion to a stranger, receiving $5 per week therefor. Josephine Carrig paid taxes, water bills, gas bills, telephone bills, coal bills and food bills. The doweress claims she is entitled to the mesne profits up to the time dower is actually assigned. In the case of Shields v. Hunt, 39 N.J. Eq. 485,
the court held, speaking through Vice-Chancellor Van Fleet: "It is the clear purpose of the law to give a widow, whose husband dies seized, a share of the profits of his land accruing between his death and the time when dower is assigned * * * therefore, the person who for that period receives the rents should be regarded as bailiff or trustee of the widow and liable to an action by her if he refuses to account to her for his stewardship." In Lloyd v. Turner, 70 N.J. Eq. 425, the court said: "A widow under her right of quarantine is entitled until her dower is set-off either to occupy or rent the homestead at her election." See, also, De Roche v. Meyers, 69 N.J. Law 14, and Reed v. Hackney, 69 N.J. Law 27.
I think, therefore, the widow is entitled to the reasonable rental value of such parts of the premises as were occupied by or rented to others. The master has found these sums to be $780 for rooms occupied by Josephine Carrig and $280 for those rented to the boarder. I do not think there is any merit in the contention that dower was assigned by an offer of $800. It was not accepted, and no steps were taken to have it legally assigned as requested by the widow. Neither do I think the fact that Josephine Carrig is not a party to the suit is important. She is a co-heir, and the complainant-executrix is acting for her. The widow is not chargeable with the maintenance of the property until dower is assigned, but should, I think, be charged with any sums which it can be shown were expended for her for coal, gas, food, nursing and care. *Page 607 
As to the question of damages, I think the case of Shields v.Hunt, supra, is authority for the statement that the damages for failure to assign dower are her right to the mesne profits accruing during the time between her husband's death and such assignment, and only that.
I will advise a decree according to these conclusions, direct an immediate sale, and, if necessary, refer back to the special master the question of how much should be rebated for expenditures in her behalf for coal, gas, food, c.
I will allow her counsel $200 and costs.