This is a bill by a widower for the assignment of his curtesy in lands of which his wife died seized.
In 1911, there were conveyed to decedent and her first husband, Frank Kwiatek, as tenants by the entirety, two lots which became her sole property on his death January 1st, 1934. She married complainant June 21st, 1935. Since decedent and complainant had no children, he is not entitled to curtesy under the old law, but only by virtue of the statute which became effective January 1st, 1929, R.S. 3:37-2. Defendants argue that the right to curtesy is determined by the law in effect at the time the wife became seized of the land, citing Walker v. Bennett, 107 N.J. Eq. 151; Riley v. Riley, Ibid. 372; Gerhardt v. Sullivan, Ibid.374; Schmidt v. Gardner, 120 N.J. Eq. 235, and Brasko v.Duchek, 127 N.J. Eq. 567, and that since decedent acquired title many years before the statute was enacted on which complainant relies, he can have no curtesy in the lands.
Complainant replies that decedent first took a title, of which curtesy could be an incident in 1934, on the death of her first husband and after the enactment of the statute. This argument is not sound. What title decedent ever had in the land, she acquired from the original conveyance to her and to her first husband; the title that she then took was of such a nature that it would terminate upon her death in the lifetime of her husband or would become sole if she should outlive him. "The survivor of husband and wife has no increase of estate or interest by the decease, having before the entirety, being previously seized of the whole. The survivor, it is true, enjoys the whole, but not because any new or farther estate or interest becomes vested, but because of the original conveyance, and of the same estate and same *Page 471 
quantity of estate as at the time the conveyance was perfected."Den, ex dem. Hardenbergh v. Hardenbergh, 10 N.J. Law 42; In reStaiger, 104 N.J. Eq. 149.
But complainant must prevail for another reason. The cases which defendants cite go upon the principle that a wife's inchoate right of dower is a vested interest in the lands of the husband, which the legislature cannot destroy once the wife has acquired it. Conversely, the legislature cannot burden the husband's title with dower or increase the burden. Likewise with curtesy. In some of the cases cited, where the marriage had occurred before the land was purchased, the court said that the right of dower or curtesy is determined by the law as it existed when the husband or wife was first seized of the land. But dower and curtesy have their inception not in the seizin alone but in seizin coupled with coverture. Just as a statute enacted after marriage but before the purchase of the land, will govern curtesy in the land, so a statute will govern which is enacted after the purchase but before the marriage. The statute which became effective in 1929 did not violate any right of deceased or burden her estate in any way. It was her marriage to complainant six years later that encumbered her title with curtesy. Complainant is entitled to curtesy in all the lands of which his wife died seized.
There are mortgages encumbering the lands and complainant seeks exoneration out of the personal estate. Some are mortgages subject to which decedent purchased the property, or subject to which the property was devised to her; others are purchase-money mortgages made by her.
It is a principle of the common law that the personal property of the debtor is the primary fund for the payment of debts. In ancient times, land could not be sold at all on execution.Bulat v. Londrigan, 63 N.J. Eq. 22, 28; 65 N.J. Eq. 718. In New Jersey, land was made liable for debts in 1799, Paterson369, but personalty still remains the primary fund. The writ of execution commands the sheriff to make the debt out of the defendant's lands only if sufficient goods and chattels cannot be found in his county. R.S. 2:26-80. Another application of the same principle required an executor or administrator to pay the debts of the decedent *Page 472 
out of the personal estate, even though the debts were secured by a lien on the land. Keene v. Munn, 16 N.J. Eq. 398; Shreve v.Shreve, 17 N.J. Eq. 487.
Where a bond and mortgage are given for the same debt, the rule that the personal estate of the debtor is the primary fund out of which the debt should be made, was changed by the legislature in 1881, by the requirement that the creditor should proceed first to foreclose the mortgage. R.S. 2:65-2. By force of this statute, the mortgaged premises are primarily answerable for the debt. Fidelity Union Trust Co. v. Gottlieb, 125 N.J. Eq. 152.
In 1924, the legislature expressly enacted that the heir or devisee should not be entitled to have the mortgage discharged out of the personalty. R.S. 3:26A-1. None of our reported cases show clearly whether the Mortgage act of 1881 affected the equity of the heir or devisee to call upon the personal estate for payment of the mortgage debt. Krueger v. Ferry, 41 N.J. Eq. 432; Bacon v. Devinney, 55 N.J. Eq. 449; In re Ramsey's Estate,66 Atl. Rep. 410; Lake v. Weaver, 80 N.J. Eq. 395; Ibid. 554;Weatherby v. Weatherby's Executors, 63 N.J. Law 443; Rogovin
v. Kridel, 116 N.J. Law 97, approach the question, but do not answer it.
Before the enactment of the Mortgage act of 1881, the law was well settled that the widow could require the personal representative to pay her husband's debt which was secured by a lien on the land assigned to her as dower. Campbell v.Campbell, 30 N.J. Eq. 415. This was an extension to the widow of the same right accorded to the heir. 2 Washb. 207; Burnet v.Burnet, 46 N.J. Eq. 144. It might be argued plausibly that when the legislature declared the land to be the primary fund for payment of the mortgage debt, the widow's right of exoneration fell; and again that when in 1924 the legislature expressly abolished the right of heirs and devisees to look to the personalty, then the extension of that right to the widow was impliedly annulled. But a decision to the contrary controls. InGerhardt v. Sullivan, supra, Vice-Chancellor Backes said, "It is the established rule that a widow is entitled to have her dower assigned free of encumbrances created by her husband to secure his debts and *Page 473 
that his personal estate is charged with the duty of exonerating the land. The right of the widow to call upon the personal estate to clear the land of encumbrances given to secure the husband's debts, in favor of her dower, rests upon the rule that the personal estate is the primary fund out of which his debts are to be paid and out of which it is presumed he intended they should be paid, and on the ground that the husband's personal estate was enhanced by the proceeds from the encumbrance put on the land. The rule, originally evolved to the advantage of the heir at law, and extended to widows, comprehends the debts of the husband whether incurred and secured by his land before or after marriage. The right to exoneration was abolished in this state in 1924 as to heirs and devisees (P.L. 1924 p. 375), but not as to widows."
In the particulars here involved, curtesy and dower are controlled by the same rules. R.S. 3:37-2; Walker v. Bennett,supra. If Mrs. Alt's personal estate is sufficient to pay all her debts, the executor must relieve complainant's curtesy from the burden of the purchase-money mortgages.
The mortgages which encumbered the property when decedent took title are not her debts and are not payable by the executor.Keene v. Munn, supra; McLenahan v. McLenahan, 18 N.J. Eq. 101; Campbell v. Campbell, supra.
There must be a reference to a master to determine whether there should be an actual assignment of part of the properties for curtesy, or whether curtesy should be assigned out of rents. And the master must take an account of what is due complainant.
"Until dower or curtesy is assigned, the widow or widower may remain in, hold and enjoy the mansion house of his or her spouse and the messuage or plantation belonging thereto, without being liable to pay rent therefor." R.S. 3:37-4. Under this statute, the rights of widower and widow are the same. Chief-Justice Beasley in McLaughlin v. McLaughlin, 22 N.J. Eq. 505, said that "the purpose of the act is obviously to provide a home for the widow until her dower be assigned, as well as to put a compulsion on the heir to make the assignment." It has been further held that the statute *Page 474 
gave the widow the right either to occupy the homestead herself or to rent it to others, in which case she was not accountable for the rent. Craige v. Morris, 25 N.J. Eq. 467; Lloyd v.Turner, 70 N.J. Eq. 425. Vice-Chancellor Church, in Tarrant
v. Carrig, 99 N.J. Eq. 605, went one step further and held that when one of the heirs occupied part of the homestead and rented another portion to a stranger, the heir must account to the widow for the reasonable rental value of the part so occupied or rented.
I understand that Mrs. Alt, at the time of her death, lived in an apartment in a multi-family house owned by her. The question whether the "mansion house" mentioned in the statute is the whole property or only the apartment in which decedent lived, may await the proofs which will be presented on the accounting. Davis v.Lowden, 56 N.J. Eq. 126, and Keeney v. Henning, 58 N.J. Eq. 74,
point to the narrower construction, while Lloyd v.Turner, supra, looks the other way. When the devisees account under section 4, they are not to be allowed for the expense of maintaining the homestead. Spinning v. Spinning, 41 N.J. Eq. 427; 43 N.J. Eq. 215; Tarrant v. Carrig, supra.
By force of another section of the statute, complainant widower, in addition to his rights in the mansion house, is entitled to damages or mesne profits in the other lands of decedent. R.S. 3:38-1. "That is to say, the value of the whole dower belonging to her from the time of her husband's death, if he shall die seized, unto the day that she shall recover seizin of her dower by the judgment of the court. * * * The person who for that period receives the rents, should be regarded as the bailiff or trustee of the widow." Shields v. Hunt, 39 N.J. Eq. 485.
The mesne profits are calculated in the same manner as curtesy assigned out of rents is ascertained. The devisees are charged with one-half the rents collected and credited with one-half the taxes, interest on mortgages (except the purchase-money mortgages), cost of repairs and other proper expenses. Burton
v. Mellis, 75 N.J. Eq. 10; Gerhardt v. Sullivan, supra.
Credit for insurance premiums may also be taken in the account if the insurance inured to the benefit of complainant, but not otherwise. *Page 475