Friedrich Foellner died November 25th, 1944, leaving a will which, after contest, was admitted to probate April 25th, 1947, and letters testamentary were granted to the executor therein named. By his will the decedent bequeathed to his wife Emma Foellner, whom he married May 15th, 1932, $3,000 in lieu of dower and gave the residue of his estate to relatives living in Germany. The Attorney-General of the United States has become vested for the United States of America with the interests of said residuary legatees and devisees and upon his petition the United States of America has been made a defendant in this cause.
The decedent died seized of three parcels of improved real estate situate in Hudson County. His wife survived him and had the right to elect whether to accept the bequest made by his will or claim dower in his real estate, but she is an incompetent and has been confined in a county institution for the treatment of mental diseases continuously since July 5th, 1945. A few months after the will had been admitted to probate the bill of complaint herein was filed by her duly appointed guardian setting up two causes of action, by the first of which complainant seeks the direction or instruction of this court whether she should accept for the incompetent widow the bequest given her by the will, in lieu of dower in the lands of which decedent died seized.
No election could be made until the will had been admitted to probate which was two and a half years after decedent's death. I note that the bill of complaint contains no claim on behalf of the widow for a share of rents which have accrued on decedent's real estate between the date of his death and the filing of the bill, or any prayer for accounting for rents either by way of dower or quarantine but such claims are argued in the briefs submitted and I deem it necessary that it should be determined whether any money is due the widow from those sources and all parties seem to desire that that should be done. Besides the matter of rent and quarantine has a bearing on the question of election.
Under the circumstances here present this court has the power and duty to instruct the complainant guardian to make *Page 586 
an election for the incompetent widow and to instruct her what election should be made. R.S. 3:23-1; Brooklyn Trust Co. v.Dais, 122 N.J. Eq. 182; In re Degnan, Ibid. 470.
The extent of a widow's right of dower is the one-half part for her life of all real estate of which her husband died seized.R.S. 3:37-1. Sale of decedent's properties cannot be ordered without consent of the United States Attorney-General and a sum in gross set aside out of the proceeds as the value of the widow's dower. Kouvalinka v. Geibel, 40 N.J. Eq. 443; Potter
v. Watkins, 104 N.J. Eq. 13. The three parcels being unequal in value one of them cannot be assigned for dower and so her dower would consist of one-half of the net rents of each of the three parcels for her life. Burton v. Mellis, 75 N.J. Eq. 10;Gerhardt v. Sullivan, 107 N.J. Eq. 374.
Pending contest over probate of decedent's will management of decedent's real estate was in the hands of an administratorpendente lite for 27 months and after the will was admitted to probate he paid over the balance in his hands to the executor and the executor took over the management. They as managers of the property and collecting rent therefrom are to be regarded as bailiff or trustee for the widow and against their receipts of rents they are, for the purpose of ascertaining the value of the widow's dower, entitled to credit for one-half of taxes, interest and payments on account of principal on a mortgage covering one of the parcels, repairs and other proper expenses. Shields v.Hunt, 39 N.J. Eq. 485; Lloyd v. Turner, 70 N.J. Eq. 425; Alt
v. Kwiatek, 128 N.J. Eq. 469. Reports of rent receipts and of disbursements by the administrator and the executor (the latter covering a period of ten months) are in evidence in the cause.
One of the properties, 426 57th Street, West New York, is a two-family dwelling in which decedent and his wife occupied the first floor at the time of decedent's death and thereafter the widow remained in occupancy of that floor until she was removed to the county institution and that floor was then rented to a tenant who paid rent first to the administrator pendente lite
and thereafter to the executor. By the statute, R.S. 3:37-4, until dower is assigned a widow may *Page 587 
remain in, hold and enjoy the mansion house of her spouse and the messuage or plantation belonging thereto without being liable to pay rent therefor. Such right is called her quarantine and in connection therewith she is not liable for taxes, encumbrances, interest thereon, repairs and other expenses in care of the property but is liable for water rates, fuel, gas and electric rates (Spinning v. Spinning, 43 N.J. Eq. 215; Lloyd v.Turner, supra) and she may rent out her quarantine property to others. Craige v. Morris, 25 N.J. Eq. 467; Lloyd v. Turner,supra; Alt v. Kwiatek, supra. She is therefore entitled to have paid to her the rent collected from the first floor of said dwelling house after she was removed to the county institution. I cannot agree with the contention made on behalf of complainant that the "mansion house" in this case includes the entire two-family house and that the widow is entitled, as part of her quarantine, to receive the rent paid by a tenant who was in possession and occupancy of the second floor, first as tenant of decedent and after decedent's death as tenant of his estate. I think the right of quarantine must be confined to the first floor of the dwelling which was the portion thereof in actual use and occupancy by decedent at his death as his place of residence or mansion house (Davis v. Lowden, 56 N.J. Eq. 126; Lloyd v.Turner, supra) and I find that the total rent received from that floor by the administrator pendente lite and the executor to March 15th, 1948, was $740 against which the widow should be charged with $43.41 for certain personal items such as water, gas and electric services, leaving a balance of $696.59 due her as her quarantine rights, which sum the executor should pay to complainant.
To determine the question directly presented by complainant's first cause of action, namely the question of election between dower and bequest, it is necessary to ascertain what net rents will probably be derived from the land and the buildings erected on the three parcels of real property of which decedent died seized. The evidence shows that the rent from the second floor of 426 57th Street, West New York, from the time of decedent's death, was insufficient to pay the carrying charges of that property. When an election is made *Page 588 
for the widow between dower and bequest, her quarantine rights in the first floor of that property will cease and the rent from that floor will be added to the rent of the second floor thereof, but even with that added income the property would show no net rent. That, too, is the situation with regard to 6013 Park Avenue, West New York, where a large deficit appears because included in the disbursements from rents received from that property from the time of decedent's death are payments on account of principal and interest on a mortgage thereon and it is apparently conceded by the parties that as to this parcel the widow's dower is in the equity of redemption only. However, it appears that even without deducting payments on account of the mortgage there is a deficit between receipts of rents and other expenditures therefrom. The third parcel, 604 Park Avenue, Hoboken, shows a net profit for the period February 1st, 1945, to March 10th, 1948, of $807.39. The testimony shows that the buildings on the three parcels of land are in poor condition and the account of rent receipts and disbursements shows much money expended for repairs on those buildings. Two of the parcels have produced no net rent income since decedent's death and in view of the increasingly high cost of repairs and mounting municipal taxes and federal and state curbs on rent increases, it does not appear probable they ever will be profitably income-producing, and the mortgage covering one of them has been called for payment and may be foreclosed and that property lost to decedent's estate. The third parcel has been income-producing and on the basis of its net rents of $807.39 for the 37 months that property was under the management of the administrator pendente lite and the executor, the annual net rent therefrom was approximately $262. The future income from this property is uncertain and we can but guess that it would continue to produce the same net income for the term of the widow's life. Her age was 56 last November and she is said to be in fairly good physical condition. According to the American Experience Table of Mortality (41 C.J.216) her life expectancy is 16.72 years, so if she lives out that number of years she would receive annually $131, being one-half of the approximate annual net income of the *Page 589 
property, or a total of $2,200 as against a bequest of $3,000 presently in hand. Considering the uncertainty of the amount of net income the decedent's real property will produce in the future and considering also that the widow may not realize her life expectancy, I believe it is to her advantage to take the $3,000 bequest under decedent's will in lieu of dower in his real property and the complainant is so advised.
The general rule applied in this court has been that a general legacy ordinarily does not draw interest until a year after testator's death, but the time was extended by R.S. 3:26-1
which gave an executor one year after probate within which to pay a legacy unless the will otherwise directs, and since time for payment of a legacy was further extended by amendment to that statute (effective April 6th, 1943) to 18 months after probate, the one-year rule is no longer applicable. It is to be noted also that the act amending R.S. 3:26-1 fixes the interest rate at 3% in case a legatee is entitled to interest.
Having determined in favor of an election on behalf of the widow for the bequest under the will in lieu of dower, I cannot find that she is entitled to any of the net income from decedent's real property accruing between the date of his death and the present time because I think such an allowance could be made only by way of dower and therefore inconsistent with acceptance of the bequest in lieu thereof, and that brings me to the question of what interest, if any, should be allowed on the bequest, or in other words, from what date the bequest should take effect.
The widow's inchoate right of dower became consummate and vested immediately upon her husband's death and was likely to produce a profit for her at once. She was unable to elect to exchange or sell her estate for the amount of the bequest until the will was admitted to probate, which did not occur until two and a half years after decedent's death. I do not think the rule or statute as to the date from which interest should be allowed on a legacy should be applied to a legacy given in lieu of dower and certainly not in this case where testator stated in his will that the bequest was made "because of her unkind and inhuman treatment" of him, thus showing that the bequest was not made as a gratuity or bounty *Page 590 
but because he knew that on his death she would take a vested estate in his lands of which he could not deprive her by will or otherwise and that it was necessary to offer her a money inducement in exchange for or as consideration for sale by her of her estate in dower.
I am aware that in Dutch Church v. Executors of Ackerman,1 N.J. Eq. 40, this court held that the widow was entitled to interest on the legacy given her in lieu of dower by her husband's will only from one year after his death, although that cause was heard more than a year after his death and the will provided that the legacy be paid her "as soon as conveniently might be." That opinion was followed by this court in Howard v.Francis, 30 N.J. Eq. 444, notwithstanding that cases holding to the contrary were cited and the Dutch Church Case was again cited with approval by this court in Camden Trust Co. v.Wolfe, 131 N.J. Eq. 437, although the question of interest on a legacy in lieu of dower was not therein discussed and, as was stated, was not before the court. I think those cases should not be taken as controlling on the facts here present.
If, under the statute, the executor can defer payment of the legacy for 18 months after probate of decedent's will, the time has not yet arrived when payment of the bequest can be demanded and perhaps four years will have elapsed since decedent's death before the legacy is legally demandable. In the meantime the $3,000 has probably drawn interest and rents of real property have been and will be received by decedent's legal representatives, which interest and rents become part of decedent's estate for the benefit of his residuary legatees or devisees which I consider unfair and inequitable toward the widow if she is not compensated by allowance of interest on her legacy and therefore I shall award her interest thereon from the date of decedent's death, but because of the cited statute the rate of such interest cannot exceed 3%.
The second cause of action seeks to recover from decedent's estate money loaned decedent by said Emma Foellner, with interest. The proofs establish that about a month prior to her marriage to decedent she gave him $2,860 to invest on mortgage; that he did invest that sum with money belonging to himself in a mortgage on property both had inspected and *Page 591 
approved, dated April 9th, 1932, for $5,000 with interest at 6% taken in decedent's name alone at his direction; that the mortgage was cancelled of record October 16th, 1939, probably having been paid off October 9th, 1939, an interest day, decedent receiving the entire principal sum; that in the meantime all interest on the mortgage had been paid to him; that several times after the mortgage had been paid off Mrs. Foellner made demand on decedent for the money she had advanced toward the mortgage loan. There is no evidence that decedent ever complied with her demand or paid her any of the interest he had received on her share of the principal of the mortgage, nor is there any evidence of the use decedent made of the principal of the mortgage after he had received it. On the proven facts there can be no presumption that Mrs. Foellner, before her marriage to decedent, delivered her $2,860 to him as a gift, on the contrary it was delivered to him to invest for her and a court of equity will compel his representative to account to her for at least the principal.Adoue v. Spencer, 62 N.J. Eq. 782; Riker v. Riker, 83 N.J. Eq. 198;
affirmed, 83 N.J. Eq. 693; Yorn v. Yorn, 139 N.J. Eq. 300.
It has been held that when a wife loans money to her husband she is not entitled to interest thereon in the absence of an express agreement. Riker v. Riker, supra. Mrs. Foellner was not decedent's wife at the time she advanced her money to him and when a wife gives her money to her husband to invest for her and he makes the investment in his own name and receives interest on it, the rule should not apply, but interest should not be charged against decedent's estate beyond the time decedent is shown to have received payment of the mortgage. The statute of limitations will not run in favor of decedent's estate. Alpaugh
v. Wilson, 52 N.J. Eq. 424; affirmed, Ibid. 589; Bennett v.Finnegan, 72 N.J. Eq. 155; Ward v. McLellan, 117 N.J. Eq. 475.
On the second cause of action complainant is entitled to a decree against defendant executor for $2,860 with interest at 6% from April 9th, 1932, to October 9th, 1939. By said second cause of action complainant also seeks to recover $250 claimed to have been advanced by Mrs. Foellner to decedent but the evidence does not support that claim and it is disallowed. *Page 592