28 N.J. Super. 531 (1953)
101 A.2d 24
MARGARET BRUTEN, PLAINTIFF,
v.
GEORGE N. MILLER AND SARAH MILLER, HIS WIFE, BERNICE REVIS MILLER, ALLEGED TO BE THE DIVORCED WIFE OF GEORGE N. MILLER, AND CLARA MAE SLATON AND JOHN SLATON, HER HUSBAND, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided November 24, 1953.
*532 Mr. John Henry Reiners, Jr., attorney for plaintiff.
Mr. Herman M. Bell, Jr., attorney for defendants.
HANEMAN, J.S.C.
Plaintiff herein seeks to establish her interest in a certain fund deposited by the Housing Authority *533 of the City of Camden in this court, pursuant to R.S. 20:1-36.
The facts in connection herewith are as follows:
Margaret Bruten is the widow of Lewis Bruten, who died intestate on March 15, 1939. On May 21, 1914, and prior to his marriage to the plaintiff, the said Lewis Bruten had purchased premises known as 773 Central Avenue, Camden, New Jersey, and continued seized with the fee title thereto to the date of his death. At his death he was survived, in addition to his widow, by a nephew, George N. Miller, and a niece, Clara Mae Slaton, who were his sole heirs-at-law and next of kin. On May 15, 1939 the plaintiff paid to the said nephew and niece the sum of $500 each and received from them a general release in the customary form, but containing the following phraseology:
"And more particularly by virtue of any claim or claims, interest or interests which I have or may have in and to the estate of Lewis Bruten, deceased, who was my uncle, the brother of my deceased mother, Mary Miller." (Italics supplied.)
Plaintiff asserts that she is entitled either to all of the funds on deposit with this court, alleging that by reason of the signing of the above referred to release the said nephew and niece conveyed to her all of their right, title and interest in and to the realty here involved, or, in any event, she is entitled to her dower interest in the funds, together with reimbursement for expenses for taxes, repairs, insurance and improvements to the realty here involved.
In connection with her first contention, it is to be noted that there is no specific reference to or description of the realty here involved, and that the instrument upon which she predicates her title is a release to her individually and as administratrix of the estate of Lewis Bruten. Since the deceased here died intestate, the nephew and niece immediately upon his death became vested with the title to the real estate, which never was vested in the plaintiff, either in her individual capacity or as administratrix of the estate of her deceased husband.
*534 For authority for her first contention, plaintiff refers to R.S. 46:5-3, which reads as follows:
"Any conveyance or instrument executed and delivered after July fourth, one thousand nine hundred and thirty-one, which shall purport to remise, release or quitclaim to the grantee therein any claim to or estate or interest in the lands described therein, there being nothing in such conveyance or instrument which indicates an intent on the part of the grantor therein to reserve to himself any part of his claim to or estate or interest therein, shall be effectual to pass all the estate which the grantor could lawfully convey by deed of bargain and sale, and the grantee in such conveyance or instrument shall be presumed to be a bona fide purchaser to the same extent as would be the grantee in a deed of bargain and sale."
It is plain that this statute refers to a quitclaim deed which, of necessity, must contain some description of the premises so that the lands or the interest in the lands to be conveyed may be ascertained. The instrument fails to indicate any "lands described therein."
I am satisfied, in addition, not only from the instrument itself, but from the testimony adduced before me, that the plaintiff and the defendants did not intend to quitclaim whatever interest they might have in the real estate here involved. As a matter of fact, the defendants did not at that time, nor until the condemnation by the Camden Housing Authority, know that they had an interest in any realty. Therefore, plaintiff is not entitled to the full fund deposited in court.
However, since no dower has been assigned to plaintiff, she is entitled to an assignment of her dower, payment to be made out of the funds deposited in this court.
In addition, no dower having been heretofore assigned, she was entitled to remain in, hold and enjoy the mansion house of her deceased spouse until such assignment is made.
N.J.S. 3A:35-4 provides as follows:
"Until dower or curtesy is assigned, the widow or widower may remain in, hold and enjoy the mansion house of his or her spouse and the messuage and plantation belonging thereto, without being liable to pay rent therefor.
*535 After assignment of dower or curtesy, the rights confirmed in and granted to the widow or widower by this section shall cease."
The personal occupation of such mansion house is not essential to this right of quarantine, but the spouse may let the premises and receive the rents therefrom. Woolf v. Woolf, 10 N.J. Super. 470 (App. Div. 1950). She is not liable for the payment of taxes, encumbrances, repairs, insurance or such other expenses as are in connection with the care of the property. These payments should have been made by the heirs, and are liens and charges on the real estate. Spinning v. Spinning, 43 N.J. Eq. 215 (E. & A. 1887); Alt v. Kwiatek, 128 N.J. Eq. 469 (Ch. 1941); Bahr v. Cooper, 141 N.J. Eq. 584 (Ch. 1948); Lloyd v. Turner, 70 N.J. Eq. 425 (Ch. 1905); Tarrant v. Carrig, 99 N.J. Eq. 605 (Ch. 1926).
Plaintiff is entitled, therefore, to reimbursement to the extent of such payments which she made to protect her interest in the realty and which should have been made by the heirs.
Such sums as she paid for improvements are in the nature of personal expenses and she is not entitled to reimbursement for improvements made to the realty. Her interest is not such as would have warranted expenditures for that purpose.
Unless counsel can agree upon the figures, a short day will be designated for proof of the amounts so expended by the plaintiff.
It follows, therefore, that from the funds deposited in this court the plaintiff is first entitled to reimbursement for such expenditures as may be proved, and second, to payment to the extent of her dower interest, and that the defendants are then entitled to payment, in equal shares, of the balance then remaining.
Judgment will be entered accordingly.