LILLIE K. MOORE, appellant,

*v.*

JAMES A. GORDON, surviving executor, et al., respondents.

[Submitted December 7th, 1914.   Decided November 15th, 1915.]

A testator devised to his wife and two children the use of the house in which he resided until the same was sold; he directed that on the sale the proceeds should be invested by his executors in another residence for the use of his wife and children during the widowhood of the wife; on her death or remarriage or her refusal or failure to reside in the premises, he directed the executors to sell.  In a subsequent clause of his will he devised the residue of his estate, real and personal, to his executors in trust, among other purposes to sell the residence, and until such sale to pay the taxes, assessments and water rents, and to keep the premises in repair.—*Held*, that there was a devise of lands or real estate to the widow, and that her failure to express her dissent to receive the same barred her dower by virtue of section 16 of the Dower act (*Comp. Stat. p. 2048*).

On appeal from a decree of the court of chancery advised by Vice-Chancellor Stevenson, whose opinion is reported in *84 N. J. Eq. 39.*

*Messrs. Queen & Stout*, for the appellant.

*Messrs. Carrick & Wortendyke*, for the respondent Gordon.

*Mr. John Milton*, for the respondents Muriel Lawes and Charles Lawes.

The opinion of the court was delivered by

SWAYZE, J.

This is a bill for dower.  The complainant's husband died testate seized of lands in this state and she is entitled to dower unless her right has been in some way barred.  We think it neces-

sary to consider one defence only. The decedent's will provided as follows, so far as is material to the present case:

"THIRD—I give to my wife and my two children, William and Muriel Moore, the use of my house and premises in which I now reside, known as No.–101 Waldo Avenue, Jersey City, as a residence until the same is sold. On the sale of said premises the proceeds therefrom shall be invested by my executors in another place of residence for the use of my said wife and children during the widowhood of my said wife. On the death or remarriage of my said wife or her refusal or failure to reside in said premises, No.–101 Waldo Avenue, or such other place of residence as shall have been provided as aforesaid by my executors, I direct my executors to sell said premises, No.–101 Waldo Avenue, or such other place of residence as shall have been provided as aforesaid, as soon as they think practical and invest the proceeds in securities as part of the residue of my estate. * * * SIXTH—I give, devise and bequeath *all the rest and residue of my estate*—real and personal, to my executors hereinafter named in trust for the following purposes, viz.: (A) To sell and dispose of my house and premises known as No.–101 Waldo Avenue, Jersey City, at public or private sale at any time they shall think advisable and until such sale to pay the taxes, assessments and water rents levied against the same and to keep the said premises in repair. * * * (F) To convey to my said son, William Moore, all my real estate at Rahway, in the State of New Jersey, on his arriving at the age of twenty-five years, and to convey to my said son the undivided one-half of the residue of my real estate and one-half of my personal estate there remaining on his attaining the age of thirty years. (G) To assign and convey to my said daughter the remaining one-half of my real estate and personal on her attaining the age of thirty years."

The question is whether there was such a devise to the widow that under section 16 of the Dower act (*Comp. Stat. p. 2048*) she is barred by her failure to express her dissent in writing within six months after probate of the will. This resolves itself into the question whether her husband devised to her any lands or real estate for her life or otherwise. The statute was passed in 1820 for the purpose, as Chancellor Vroom said in *Stark* v. *Hunton, 1 N. J. Eq. 216* (at *pp. 227, 228*), of establishing a plain rule, simple in its terms, and definite in its results, to do away with the difficulties in the construction of wills and in ascertaining and settling the rights of parties, where the widow claimed as devisee and dowress.

The question is not the value of the devise to the widow, whether greater or less than the value of her dower, since she is left free to take the dower if she prefers. The important object

to be accomplished by the act was to make certain the title of other devisees after the lapse of the six months allowed the widow to exercise her choice. In *White* v. *White, 16 N. J. Law 202,* the devise of one room in a house (or the use of one room, for the report in this respect is uncertain) was held to bar the widow's dower in a hundred acres of land. Tested by these rules, which have been established for so many years in the court of chancery and the supreme court, we think the provision in the third clause of the will amounted to a devise of lands or real estate. If it stood alone, there could be no doubt on this score. We need add nothing to what the learned vice-chancellor said upon the effect of the devise of the use of the property. The only new question raised in the case is that presented by the sixth clause of the will. The argument is that the devise to the executors in that clause is inconsistent, with the view that the widow took a legal estate under the third clause, and it is said that only a devise of a legal estate will bar her dower. It was so held by Chief-Justice Green in *Van Arsdale* v. *Van Arsdale, 26 N. J. Law 404.* A careful examination of the sixth clause dispels the supposed inconsistency. By that clause the devise to the executors is only of the rest and residue of the estate, real and personal. The only devise of real estate preceding this sixth clause is that to the widow and children in clause 3, so that the residue of the real estate can only mean what remains after taking out the interest therein devised. It is suggested that the executors are to keep the premises in repair, and that this necessarily requires that they should have an estate which would justify their entry to make repairs. We think that such was not the testator's intention. The direction to keep in repair is coupled with the direction to pay taxes, assessments and water rents. The money to pay these charges must necessarily come out of property other than the residence, and we agree with the vice-chancellor that the testator's only meaning was that the executors should furnish out of other portions of the estate the money necessary for these purposes. In thus limiting our decision to the single point, we are not to be understood as questioning other propositions supported by the vice-chancellor's opinion. We think it advisable to rest the case upon the statute alone.

The decree is affirmed, with costs.

*For affirmance*—The Chief-Justice, Garrison, Swayze, Trenchard, Parker, Bergen, Minturn, Kalisch, Black, Vredenburgh, White, Terhune, Heppenheimer, Williams, Taylor—15.

*For reversal*—None.