The bill in this cause was filed to set aside a deed of release of dower.
The complainant is the widow of Michael Caravatta, late of Weehawken, Hudson county, New Jersey. Michael Caravatta died on September 1st, 1924, leaving a last will and *Page 200 
testament, which has been duly admitted to probate. The provisions of this will, pertinent to this cause, are as follows:
"Seventh. I hereby give and bequeath to my wife, Teresa Caravatta, the sum of of five thousand dollars [$5,000].
"Eighth. I hereby give and bequeath to my executors, hereinafter named, the sum of twenty thousand dollars [$20,000], to hold the same in trust and invest and reinvest the same, and to pay over the net income derived therefrom to my wife, Teresa Caravatta, during the term of her natural life, so long as she does not remarry. Upon her death or remarriage, whichever shall first occur, I direct that the said principal sum of twenty thousand dollars [$20,000] become a part of my residuary estate and be disposed of in accordance with the provisions of the residuary clause, being paragraph `Ninth' of this, my last will and testament.
"Tenth. I hereby nominate and appoint my friend, John O'Brien, and my nephew, John Batista Caravatta, to be the executors of this, my last will and testament, and direct that they serve as such without being required to give any bond or security of any kind or nature, and I hereby give and grant to my said executors full power and authority to sell, convey, mortgage and lease any or all of by real and personal property, at any time, upon such terms and conditions as in their discretion shall seem for the best interest of my estate."
The pertinent facts which are alleged in the bill, and which may, for the purposes of this motion, be considered as established, are, that the decedent's estate consist of personal property of the value of $55,000 and certain real estate located at Weehawken, New Jersey, of the value of $20,000. The complainant has accepted the provisions of the seventh and eighth clauses of the will and has executed and delivered to John Batista Caravatta, the residuary legatee of said will, a deed releasing to him the dower rights of the complainant in the real estate of which the testator died seized, and in which deed she declared that she has "elected and hereby do elect not to claim dower, but to take under the provisions of said will." The personal estate left by decedent is more than sufficient to pay his debts and the legacies mentioned in the will. Complainant now alleges that she executed and delivered the above-mentioned release of dower through mistake and in ignorance of her rights, and that she is now advised that she is entitled, not only to the benefits under the seventh and eighth clauses of said will, but also to a dower right in the real estate of which her husband died seized. *Page 201 
The question raised by this motion is whether or not, under the terms of the will, the complainant was put to her election, or, stated differently, whether or not she is entitled both to dower and the legacies, and the answer to this question will be dispositive of the motion. If she is obliged to elect, then, having done so, it is obvious that such election could not have been under a misapprehension of her rights, and, therefore, the motion should prevail.
It is admitted that section 16 of the Dower act is not involved.
It seems to me that the law applying to this case is well settled by a long line of decisions in this state, in which it is indicated that the New Jersey law differs substantially from the English law. Stark v. Hunton, 1 N.J. Eq. 226; Cooper v.Cooper, 56 N.J. Eq. 48; Moore v. Moore, 84 N.J. Eq. 39;affirmed, 85 N.J. Eq. 150.
In Stark v. Hunton, Chancellor Vroom says:
"The policy of the great mass of the English cases appears to have been to save the dower of the widow if possible, and, for this purpose, numberless refinements and distinctions have been resorted to by the courts. Our policy, as manifested by our statutes, is different."
The real question in all cases of dower is one of intention of the testator, which is to be ascertained "by reading the will from the four corners." Griggs v. Veghte, 47 N.J. Eq. 179;Moore v. Moore, 84 N.J. Eq. 39.
In Griggs v. Veghte, supra (at p. 183), the court said:
"This is only to be settled by ascertaining what was the intention of the testator in making the provision he has for her, with reference to its being in lieu of, or in addition to, her dower. If he intended it in lieu thereof, she must choose between the two. If a testator declares in express words one way or the other, such declaration is conclusive. But, in the absence of express words, how is the intention to be ascertained?"
And (at p. 184):
"In this state it seems settled that when, from the whole will and the circumstances of the estate, it is manifest that *Page 202 
the testator, in making provisions therein for his widow, intended that the same was to be in lieu of dower, it is sufficient to put her to her election between the provision made for her in the will and that made for her by law." Citing cases.
And (at p. 186):
"While the fact that what he gives her is greater than would be her dower in his real estate is not conclusive, it is entitled to weight, in ascertaining from the will, what was the intention of the testator in giving her such a share of his estate, with reference to its being in lieu of dower."
In Moore v. Moore, Vice-Chancellor Stevenson (at p. 44) said:
"Whether a widow can accept provisions for her benefit in her husband's will, and also receive her dower in his real estate, is determined by the intention of the testator, which is to be ascertained in the usual way by reading the will from the four corners, and considering all its provisions in the light of the circumstances and conditions which surrounded and necessarily influenced the testator in forming his testamentary purposes, and in using language directing the carrying out of those purposes. The older English decisions, based upon the policy of saving the dower of the widow, if possible, and for this purpose resorting to `numberless refinements and distinctions' [per Chancellor Vroom in Stark v. Hunton (1831), 1 N.J. Eq. 216, 226], have not been followed in New Jersey, and their original force in England has been largely abrogated by statute. `Express words of exclusion are not necessary in a will in order to bar dower.'Stark v. Hunton, 1 N.J. Eq. 224. The trend of our New Jersey decisions, as indicated in our law and equity reports, has constantly been toward the establishment of a natural and common sense method of determining this question whether a testator has intended that what he gives his widow in his will is to be in addition to her dower or in lieu of her dower."
If a claim of dower in the real estate is inconsistent with the ninth and tenth clauses of the will, then it is clear that, under our decisions, complainant is not entitled to both *Page 203 
legacies and dower. Colgate v. Colgate, 23 N.J. Eq. 372;Moore v. Moore, supra.
In Colgate v. Colgate, supra (at p. 378), Chancellor Zabriskie said:
"The authorities all agree that, if the provisions of the will are inconsistent with the dower of the wife in the real estate, the provision for her in the will shall be held as intended in lieu of dower, and she shall be put to her election."
In Moore v. Moore (at p. 44) Vice-Chancellor Stevenson said:
"In ascertaining the testator's intention it is of prime importance to ascertain whether the allowance of dower to the widow will `disturb' or be `inconsistent' with any of the provisions of the will."
It will be noted that the will confers upon the executors "full power and authority to sell, convey, mortgage and lease any or all of my real and personal property," c. It has been repeatedly held in this state that such a provision is inconsistent with the intention of the testator that his widow take both legacies and dower. This was held by Vice-Chancellor Pitney in Cooper v.Cooper, supra, and in Moore v. Moore by Vice-Chancellor Stevenson.
In the Moore Case (at p. 47) Vice Chancellor Stevenson said:
"The fact that this testator provided for the sale by his trustees of this residence property without making the slightest reference to any dower right of his wife, indicates that such sale would be made free of dower. Cooper v. Cooper, supra. In this case Vice-Chancellor Pitney expresses the following views (at p. 55): `Some of the older English cases, and, perhaps, a few in this country, have held that a direction to executors to sell and convey real estate, did not necessarily indicate that they were to sell free and clear of the dower of the widow. But the modern decisions which, in my judgment, are more in accordance with common sense, tend to hold that a power and direction to sell and convey necessarily includes the idea of conveying the title free and clear of dower. Except sales of real estate by sheriff on common *Page 204 
law judgments, the cases where a sale of real estate is made by a husband without his wife joining him are very rare indeed. Ordinary purchasers will not accept a title with an outstanding inchoate dower upon it, much less one that has dower fastened upon it by the death of the husband. Such a title is not marketable in the ordinary sense of that word."
The decision in the Moore Case was affirmed by the court of errors and appeals in 85 N.J. Eq. 150. Counsel for complainant calls attention to the fact that the affirmance was based upon the conclusion of the court of errors and appeals that the question was controlled by section 16 of the Dower act, inasmuch as the will in that case devised an interest in real estate to the widow, and contends that this was, in effect, a disapproval of the rule laid down by Vice-Chancellor Stevenson in the MooreCase. Mr. Justice Swayze, speaking for the court of errors and appeals, at the conclusion of his opinion in the Moore Case, however, says:
"In thus limiting our decision to the single point, we are not to be understood as questioning other propositions supported by the vice-chancellor's opinion. We think it advisable to rest the case upon the statute alone."
While, perhaps, this is not a direct affirmance of the rule laid down by Vice-Chancellor Pitney, and followed by Vice-Chancellor Stevenson, I think it is as close to it as it possibly could be without an express approval, and it is certainly not a disapproval, and, so long as not disapproved, the rule obtains.
Complainant's argument against the application of the rule of the Cooper and Moore Cases is based mainly upon the English decisions, which, as before suggested, do not prevail in this state. The only New Jersey case cited by the complainant which seems, in any way, to be opposed to this rule, is Freeland v.Mandeville, 28 N.J. Eq. 559. That case is clearly distinguishable from the case at bar. There, although there was a power of sale given to the executors, the fact that the will made meagre provision for the widow, totally disproportionate to the dower right, evidently moved the chancellor to the conclusion that it was not the intention of the *Page 205 
testator to leave his widow so inadequately provided for, and that she was not put to her election. It is quite apparent from the bill of complaint that no such situation arises here, and that, by accepting the provisions of the will, the widow obtains considerably more than she would have obtained if she had elected to take dower only. However, the decree in the Freeland Case
seems to have deprived the widow of her rights under the will, as dower was allowed only from the time her enjoyment of the rights thereunder ceased.
But it is claimed that the language of the will, "all the rest and remainder of my estate, both real and personal," as used in the residuary clause, and the words conferring the power of sale on the executors, are limited to the estate of the testator after the subtraction of the dower right. To this proposition I cannot accede. If it was the intention of the testator that the legacies be in lieu of dower, as I believe it was, then his estate
consisted of the property freed from any claim of dower; in other words, having determined the intention of testator to give the legacies in lieu of dower, the question as to the meaning of the words, "of my estate," and the language of the tenth clause of the will, in so far as those words may be in limitation of the extent of the testator's "estate," as suggested in the final point of complainant's brief, cannot be here involved. It will be noted, also, that all of the New Jersey cases cited in support of this point either have to do with "undivided interests" of the testator or were controlled by the Dower act, except the case ofFreeland v. Mandeville, disposed of supra.
I am, therefore, convinced that this case comes within the rule of the Cooper and Moore Cases above cited; that it was the intention of the testator that the legacies should be in lieu of dower; that the widow is put to her election, and, having elected, must abide by such election; that the bill, therefore, shows no cause of action, and that the motion to strike out the bill should be granted. *Page 206