Charles P. Farner, Jr., died on the 1st day of March, 1925, testate. By his will, after directing his debts to be paid, and giving to his brother his interest in the Chas. P. Farner Sons, Inc., a corporation, and giving to a niece the sum of $500, he gave and bequeathed to his wife, Helen K. Farner, the sum of $3,000 free and clear of any transfer inheritance tax, and gave the sum of $12,000 to the Burlington City Loan and Trust Company in trust to pay the net income to his wife for and during the term of her natural life, or so long as she remained his widow. Upon her death or remarriage, the trustee to distribute the principal as residuary estate. All the residuary estate to be divided to his father, sister and brothers in equal shares. Full power was given the executors to sell any real estate. *Page 162 
The net personal estate of Farner was approximately $29,500, the realty about $8,375, of which the homestead was appraised at $7,500.
The widow was forty years of age, and her dower would approximate $2,010.34.
The complainant charges that the bequest under the will is not in lieu of dower, and that no election is required of her.
The defendant insists that she is called upon to elect.
Following the reasoning of Vice-Chancellor Berry in Caravatta
v. O'Brien, 98 N.J. Eq. 199, the bill will be dismissed.