John Dais died September 19th, 1935, a resident of the State of New York. He left a last will and testament by which he devised and bequeathed one-half of his real and personal property to the complainant in trust, to invest and *Page 183 
pay over the income to his wife, the defendant Agnes Dais, for the period of her life. The complainant is named executor and trustee of the will, and is given full and complete power of sale. The defendant Agnes Dais is an incompetent, and a patient at the Hudson River State Hospital, Poughkeepsie, New York. The supreme court of the State of New York, on June 1st, 1936, appointed the defendant Thomas H. Vetter, of Brooklyn, New York, a committee of her person and property.
About fifty-five unimproved lots of the testator's real estate are located in the city of Hackensack, Bergen county, New Jersey. Vetter, as the committee of said Agnes Dais, on August 17th, 1936, filed, in the State of New York, a notice of limited election on behalf of the incompetent, to take under the will of the said John Dais in lieu of dower in accordance with the provisions of subdivision b of section 18 of the New York Decedent Estate law. In consequence of the proceedings thus initiated, the surrogate's court of Kings county, New York, on November 17th, 1936, made an order adjudging that the said widow, Agnes Dais, was barred of all right of dower in the real estate of the decedent situated in the State of New York.
The bill recites that the complainant has received an offer of $1,500 from the city of Hackensack for the purchase of some of the lands in Hackensack, of which said John Dais died seized, and that it has conditionally entered into a contract with the said city for the purchase of the same. The bill prays that the rights of the parties in the lands be determined, and that it be decreed that the complainant has title thereto free of any dower rights or interest of the defendants therein.
The complainant contends that the testator's provisions for his wife in the will were intended to be made in lieu of dower, and cites Moore v. Moore, 84 N.J. Eq. 39, where the court said (at p. 44):
"Whether a widow can accept provisions for her benefit in her husband's will, and also receive her dower in his real estate, is determined by the intention of the testator which is *Page 184 
to be ascertained in the usual way by reading the will from the four corners, and considering all its provisions in the light of the circumstances and conditions which surrounded and necessarily influenced the testator in forming his testamentary purposes, and in using language directing the carrying out of those purposes."
The facts in the instant case show that the incompetent is over seventy years of age. The doctors hold no hope for her ultimate recovery. In fact, they declare she will never recover from her mental ill health. The testator was aware of his wife's incompetency, and the probability that she would continue to be so disabled. Under the circumstances, it seems fair to assume that when he made his will, he had in mind the extent of his estate, and intended that his testament should contain proper and ample provision for the welfare of his widow in the event of his death. The manner of his wide distribution of his estate and all the surrounding circumstances suggest the inference that the provisions in the will for the widow are all that the testator intended she should receive. I believe he provided for her most justly and equitably. Caravatta v. O'Brien, 98 N.J. Eq. 199;Federal Trust Co. v. Ost, 120 N.J. Eq. 43; affirmed, 121 N.J. Eq. 608; Martin v. Martin, 80 N.J. Eq. 359; Cooper v. Cooper,56 N.J. Eq. 48.
The testator secured to his widow the income from one-half of his estate, which is most ample for her support, maintenance and comfort and much more than she would have received under her right of dower. In furtherance of his intention, the testator clothed his trustee and executor with full and complete power of sale of his property, thereby eliminating what would otherwise be a necessary and costly legal proceeding attendant upon any dower interest in his wife.
It is my conclusion that the provisions for the widow in the testator's will were made in lieu of dower. Therefore, under the circumstances, there must be an election. The widow cannot elect; she is incompetent and is incapable of making an election. Most assuredly, the right of election is personal to the widow.9 R.C.L. 604. Who, then, may make *Page 185 
the election? In some jurisdictions it is held that where the widow is insane, neither she nor her guardian can elect. Clark
v. Boston Safe Deposit and Trust Co., 116 Me. 450;102 Atl. Rep. 289; L.R.A. 1918 B 384; In re Bringhurst, 250 Pa. 9;95 Atl. Rep. 320. This state has no case in point.
The act concerning idiots and lunatics (2 Comp. Stat. p. 2792§ 14j) reads:
"Where any power, discretionary or otherwise, is or shall be vested in or given to, or the exercise of any power is or shall be dependent upon the consent of any idiot, lunatic or person of unsound mind, upon the application by bill or petition of the guardian of any such idiot, lunatic or person of unsound mind, or of any person interested, the court of chancery may, if it appears expedient so to do, by order authorize or direct such guardian to exercise such power or execute such consent in manner and form as shall be directed by said court, and any and every conveyance or other instrument made and executed by such guardian pursuant to such order, shall be as valid and effectual as though duly made and executed by such idiot, lunatic or person of unsound mind when of sound mind, memory and understanding."
In the instant case, the incompetent has no general guardian. Such a guardian, I feel, could, upon instructions by the court, make an election. The guardian ad litem cannot make an election for her. If, and when, a general guardian is appointed, he will be advised to elect as herein stated.