[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 251 
This proceeding is brought by the substituted administrator with the will annexed and substituted trustee of the estate of David Bradley, deceased, for an adjudication of the rights, if any, of Gertrude H.R. Bradley, a mental incompetent, in realty of which the decedent died seized, commonly known as No. 9 Whitford Avenue, Nutley, New Jersey.
David Bradley and Gertrude H.R. Bradley were married on September 18, 1914, in Newark, New Jersey, and lived in this State. On April 30, 1929, Mrs. Bradley was adjudged insane and was committed to the Essex County Hospital for Mental Diseases, at Cedar Grove, New Jersey, where she has been continuously and is presently confined.
In June, 1931, David Bradley instituted suit for and obtained a decree of divorce in the State of Nevada "on the grounds of the insanity of the defendant existing for more than two years prior to the commencement of said action." The final decree dated August 10, 1931, recites that the plaintiff had resided in Nevada for more than six weeks and that the defendant appeared by guardian ad litem appointed by the Nevada court. Following the divorce, Bradley returned to New Jersey and resided here until his death on December 1, 1943.
In his will, dated September 26, 1941 and probated in Essex County, he declared himself a resident of New Jersey. He bequeathed the sum of $20,000 to defendant Laurette Aldea Gagnon, and the residuary estate was bequeathed and devised to his executor and trustee in trust to use all or such part of the net income, and in addition such part of the corpus as the trustee might in his absolute discretion deem necessary and proper, for the care, comfort, maintenance, support and recreation of his "divorced" wife during her life; and upon her death, the remainder is to be paid to Laurette Aldea Gagnon, if *Page 253 
living; otherwise, to the defendant, Hospital and Home for Crippled Children, of Newark.
The plaintiff has entered into a contract to sell the real estate, which contract provides that if the title is unmarketable the purchaser shall be entitled to the return of his deposit. The purchaser has declined to take title, claiming it unmarketable. It is for this reason that the plaintiff seeks a determination of the interest of Gertrude H.R. Bradley in the premises.
The final decree of divorce obtained in the State of Nevada is not entitled to full faith and credit in this State. The parties were married in this State and domiciled here. The defendant, Gertrude H.R. Bradley, has continuously resided and is still a resident of this State. Because of her mental incompetency, she obviously could not appear in the proceeding in the Nevada court and that court did not acquire jurisdiction over her by the appointment of a guardian ad litem. After the divorce the decedent returned to this State, resumed his residence here and died here. It is patent that his temporary sojourn in Nevada was for the express purpose of obtaining a divorce for a cause which is not a ground for divorce under the laws of this State. The parties having been domiciliaries of this State, the Nevada court had no jurisdiction over the res or the person, and its decree is not entitled to validity in this jurisdiction. R.S. 2:50-35.Hollander v. Hollander, 137 N.J. Eq. 70 (E. A. 1945);Cox v. Cox, 137 N.J. Eq. 241 (E. A. 1945); Giresi v.Giresi, 137 N.J. Eq. 336 (E. A. 1945); Isserman v.Isserman, 138 N.J. Eq. 140 (E. A. 1946); Hubschman v.Hubschman, 140 N.J. Eq. 284 (E. A. 1946); Williams v.North Carolina, 317 U.S. 287, 63 S.Ct. 207; 87 L.Ed. 279
(1941); 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577
(1945); Estin v. Estin, 334 U.S. 541: 68 S.Ct. 1213
(1948); Kreiger v. Kreiger, 334 U.S. 555, 68 S.Ct. 1221
(1948).
When a testator makes provision for his wife and it appears from the entire will that such provision was intended in lieu of dower and that it would be inconsistent for her to enjoy both, the wife must make an election. Moore v. Moore, 84 N.J. Eq. 39 (Ch. 1914); affirmed, 85 N.J. Eq. 150 (E. A. *Page 254 
1915); Caravetta v. O'Brien, 98 N.J. Eq. 199 (Ch. 1925);Federal Trust Co. v. Ost, 120 N.J. Eq. 43 (Ch. 1936); affirmed, 121 N.J. Eq. 608 (E. A. 1937). If the wife is a mental incompetent, this court may direct a general guardian to make an election for her and to execute the consent necessary to effectuate a conveyance. R.S. 3:23-1. Brooklyn Trust Co. v.Dais, 122 N.J. Eq. 182 (Ch. 1937); Bahr v. Cooper,141 N.J. Eq. 584 (Ch. 1948).
In the instant case, the testator obtained the divorce and in his will he referred to "my divorced wife." He must be presumed to have considered that she was not entitled to dower. He could, therefore, not have intended that the will provisions be in lieu of dower or that she should make an election between them. And, if it be argued that had he known that the divorce would be declared invalid and the defendant entitled to dower, he might not have provided as he did in his will, the answer is that we must gather the intention from what he did, not from what he might have done.
Neither is it inequitable that the widow receive both the provisions under the testator's will and dower which the law vests. No children were born of the marriage. Under the terms of the will, the trustee is directed to use income and corpus, if necessary, for the care, comfort, maintenance, support and recreation of Mrs. Bradley during her life. I infer that the testator, realizing the unfortunate condition of defendant, intended that, if necessary, all of his residuary estate be used for her benefit. I conclude that the defendant is entitled both to dower and to the benefits of the residuary estate. Freelandv. Mandeville, 28 N.J. Eq. 559 (Ch. 1877).
Although the will gave full power of sale to the executor, who died, the plaintiff, being a substituted administrator with the will annexed and substituted trustee under decedent's will, may not sell the real estate without the approval of the court.R.S. 3:17-13 et seq. The vendees' offer is $8,500, exclusive of realtor's commission. Some appraisers express the opinion that the property is worth more than the contract price. However, the plaintiff is of the opinion that the price is fair and reasonable, and that it is to the advantage *Page 255 
of the estate that the sale be approved. The differential between estimated value and the contract price is not sufficiently great to warrant the risk of securing a purchaser at a higher price and better terms than those specified in the offer before the court. In view of all the circumstances, the sale is approved.
The defendant, Gertrude H.R. Bradley, has a guardian adlitem, but no general guardian. I shall appoint a general guardian and since all of the facts pertaining to the property have been presented and considered, I shall direct him to execute the consent necessary to convey the dower interest of the mental incompetent.
Judgment will be entered in accordance with these conclusions.