Symmes *v.* Strong and Suydam.

JOHN G. SYMMES, administrator *de bonis non* of William Selover, deceased,

*v.*

WOODBRIDGE STRONG and PETER L. SUYDAM.

1. That a bond and mortgage, made in the name of the husband, were derived from the sale of the separate estate of the wife, does not, of itself, create a trust in her favor.

2. Where the administrator of the husband assigned such mortgage to the wife, without any consideration, it was held to have been a fraud upon the estate of the intestate, and that, in equity, no title passed to her, and, consequently, none passed to her assignee, as against the administrator *de bonis non* of the intestate.

3. But it is valid as against the estate of the administrator who executed such assignment, and his estate is first in the order of liability to make compensation for it.

4. It is the duty and policy of the court to settle and adjust, in one suit, all claims between the parties in reference to the subject matter of the litigation, if possible.

5. A decree may be made determining the rights of co-defendants in a controversy between themselves, in which the complainant has no interest, when the question is properly brought before the court by the pleadings and proof.

6. Where a bill prays an answer without oath, such answer, although not evidence for the defendants, is evidence against them.

Bill for relief.    On final hearing on pleadings and proofs.

*Mr. B. Gummere,* for complainant.

*Mr. James Wilson,* for defendants.

THE CHANCELLOR.

The controversy between the parties is in reference to a bond and mortgage, given, in 1866, by Elizabeth G. McDowell and Mary A. Bennett and her husband to William Selover, deceased, late of the county of Middlesex, for $3,100 and interest.

Mr. Selover died intestate, on the 16th of September, 1866, leaving a widow and two children. One of the latter is dead. On the 16th of October, 1866, letters of administration on his estate were issued to Andrew McDowell, who filed an inventory in which the bond and mortgage were included. Mr. McDowell died before completing the administration of the estate, and, in 1867, administration *de bonis non* was granted to Thomas S. Stults, of Middlesex county, who died in 1875. He filed no inventory, and rendered no account of his administration. After his death, and in the last mentioned year, administration *de bonis non* was granted to the complainant, who filed an inventory, charging himself therein with the bond and mortgage in question. It appears that, in the year 1868, the widow applied to the defendant, Mr. Strong, for a loan of $600, on the security of the bond and mortgage; that then she had not the legal title to those instruments, or either of them, but Mr. Strong, who was acting for himself and others, as executors of Richard Manly, deceased, drew an assignment, to be executed by the then administrator *de bonis non*, Mr. Stults, assigning the bond and mortgage to her. Stults executed it accordingly, on the 17th of August, 1868, without receiving any consideration therefor, although the assignment acknowledged the receipt of $3,100 as consideration. Mrs. Selover thereupon, on the same day, assigned the bond and mortgage to the executors of Manly, as collateral security for a loan of $600 from them to her. Subsequently, and on the 12th of January, 1869, she executed and delivered to Mr. Strong, as trustee of Peter L. Suydam, an absolute assignment of the bond and mortgage, for the consideration, as expressed in the assignment, of $3,277.81.

The bill prays answer without oath. The defendants, Strong and Suydam, only have answered. The only witness sworn in the cause is Mrs. Selover. She testifies that the bond and mortgage, though given to secure purchase money on the sale, by her, of her interest in land, were made to her husband, by her direction, as a gift to him, and that she

Symmes *v.* Strong and Suydam.

subsequently informed him that she had given them to him accordingly. They were executed on the 16th of March, 1866. He died on the 16th of September, six months afterwards. His administrator, Mr. McDowell, was her brother. The letters were issued to him on the 16th of October, 1866, and on that day he filed his inventory, which included the bond and mortgage, therein appraised at the whole amount of the principal, and interest from the date thereof.

The bill alleges and charges that the bond and mortgage are the property of the estate of Mr. Selover; that the assignment by Mr. Stults (who was the brother-in-law of Mr. Selover) was without consideration; was a breach of his trust as administrator, and passed no title thereto to Mrs. Selover, and that the title of Mr. Strong is therefore invalid as against the complainant. It alleges that there are valid claims against the estate of Mr. Selover, which have been duly proved and presented to the complainant as administrator, amounting to more than $1,200, besides large arrears of interest, which there are no assets, except the bond and mortgage in question, to pay.

It appears by the answer, that when application was made to Mr. Strong for the loan of $600 on the bond and mortgage as collateral security, he, perceiving that they were in favor of Mr. Selover, objected to them on that account; that it was then alleged by Mrs. Selover that they were in fact her own property, having been received as security for the purchase money of real property belonging to her, and that, though in the name of her husband, he held them, in fact, only as trustee for her. She further stated that the administrators had recognized her claim, and she assured him that Mr. Stults would execute an assignment to her in acknowledgment thereof.

It further appears by the answer, that Mr. Strong then, at her request, drew an assignment from Mr. Stults, as administrator, to her, and gave it to her, and it was afterwards brought back to him executed by Mr. Stults as administrator. While the answer is not evidence in the cause for

the defendants, by whom it is filed, it is evidence against them. It substantiates the fact that Mr. Strong had notice that the assignment from Mr. Stults was without consideration, and was, in fact, a denial of the trust which appeared on the face of the instruments, inasmuch as they purported to be the absolute property of the estate of Mr. Selover.

That the statement alleged to have been made by Mrs. Selover, that neither of the administrators had claimed the bond and mortgage, was untrue, could have been proved by reference to the inventory of McDowell on the files of the surrogate's office of the county of Middlesex. That the bond and mortgage were the property of the estate, appeared upon their face. That they were derived from the sale of the separate estate of Mrs. Selover, would not, made as they were in favor of her husband, of itself, create a trust in her favor. The proof is that, though derived from that estate, they were intended as, and understood by Mr. Selover to be, a gift to him from his wife. Her right to them as against her husband's administrator, is not only not proved, but is disproved.

It is urged that her testimony is not entitled to credit, because she appears to have entirely forgotten the fact of the second assignment of the bond and mortgage by her, and the receipt of the checks which are said to have constituted, and which I have no doubt did constitute, the consideration therefor. But, when the instruments were shown to her, she at once acknowledged her signature upon them. It seems probable that she was but little acquainted with business matters, especially legal affairs, and that the transactions with Mr. Strong were conducted on her behalf by Samuel C. Applegate, rather than by her. He was her brother-in-law, and appears to have been a man of business in whom the business community of New Brunswick had full confidence at that time. The loan of $600 was obtained for his benefit, and at, and only at, his urgent solicitation. She appears to have, in fact, had no recollection of the second transaction. But if her testimony were

stricken out of the cause, the case would not be changed in favor of Messrs. Strong and Suydam. The assignment by Stults to Mrs. Selover was a fraud upon the estate of his intestate, and the answer admits notice of its character, that it was without consideration. In equity no title passed by it, and, of course, none passed by the assignment to Mr. Strong, as against the representative of the estate of Mr. Selover. But it is valid as against Stults's estate. It is the duty and policy of the court to settle and adjust all claims between the parties, in reference to the subject matter of the litigation, in one suit, if possible, (*Shannon* v. *Merselis*, *Sax.* 413,) and a decree may be made determining the rights of co-defendants in a controversy between themselves, in which the complainant has no interest, when the question is brought before the court by the pleadings and proofs. *Vanderveer* v. *Holcomb*, 2 *C. E. Gr.* 547.

In this case it is the duty of the court to do justice, as between the estate of Stults and Messrs. Strong and Suydam, in reference to the subject matter of the litigation, by so framing the decree, by establishing the order of liability between these parties in compensating the estate of Selover for the bond and mortgage, as to render unnecessary another suit by Messrs. Strong and Suydam against Stults's estate for indemnity, and also to provide for indemnity to them out of Mrs. Selover's interest in the bond and mortgage.

The bill prays, among other things, that the defendants, or some of them, may be decreed to account for, and to pay to the complainant, the principal and interest secured by the bond and mortgage. The administrator of Stults, and Mr. Strong, will be required to make compensation to the estate of Selover, and the injunction will be retained until that shall have been done. The estate of Stults is first in the order of liability. It appears that there will probably be a surplus of the proceeds for distribution, after paying the debts and expenses of settling the estate. Of this surplus, Mrs. Selover will be by law entitled to one-half, as widow

and one of the next of kin of her infant child, who died after the death of Mr. Selover. The surviving child will be entitled to the other half. The widow received, from Mr. Strong as trustee, at the delivery of the last assignment, the full amount of the principal and interest of the bond and mortgage.

The estate will be settled under the direction of this court, and the distribution of the surplus will be made here. On such distribution, the amount to which by law she would be entitled, will be disposed of to indemnify, as far as it will go, for the payment to be made under the decree to be made upon this decision.