Some precursory narrative of the facts alleged in the bill of complaint is essential to an understanding of the application to be presently decided.
The complainant relates that one Lucile Edith Borgfeldt died on January 2d 1928, seized in fee of certain lands and premises situate in the Township of Raritan, Middlesex County. The decedent left surviving her, her husband and as her next of kin and heirs-at-law, two sons and two daughters. One of the latter is the complainant in this cause.
On October 19th, 1943, the premises were sold to the Township of Raritan for unpaid taxes amounting to $1,319.94. The tax sale certificate was recorded on December 15th, 1945, and by mesne assignments the defendant Taylor acquired it.
On March 25th, 1946, the defendant Taylor instituted a suit in this court to foreclose the lien of his tax certificate. (Docket No. 144/608.) It is significant to observe from an examination of the file in that cause that the present complainant is a party defendant therein.
The complainant's bill in the present cause jogs on to divulge that the complainant was aware that her mother had executed a will but was unaware of its lodgment until May, 1946. She inspected the will in July, 1946, and ascertained that it had been executed by her mother on January 1st, 1928, and that it bestowed a legacy of $25 upon Lucile, a daughter of the testatrix, and devised and bequeathed the residue of the estate to the two sons and to the complainant in equal shares. Two elderly sisters of the testatrix, who reside in Philadelphia, were designated as executrices of the will.
The complainant asserts that the premises are now marketable at a price sufficiently in excess of the tax lien to yield a surplus with which to satisfy the unpaid debts and funeral *Page 550 
expenses of her deceased mother and to make possible the administration of the estate. The complainant confesses, however, that she is without funds with which to redeem the property from the tax encumbrance. She explains that she can borrow the requisite sum, but the lender demands an assignment of the tax sale certificate as her security. The defendant Taylor, having been advised that he is not obliged to assign the certificate to the lender, has declined to do so.
An alternative expedient was thereupon envisioned. The lender expressed her willingness to accept a first mortgage on the property as security for the desired loan. But alas! alack! It was discovered that on November 22d 1911, the complainant's mother and father had mortgaged the property for a debt of $1,500. The complainant announces her intention to challenge the validity of that mortgage.
It is amid such an assemblage of facts that the complainant in this independent cause of action prays that the defendant Taylor be restrained from further prosecuting his foreclosure suit and from transferring or assigning the certificate and that he be "decreed and ordered to accept from Marian C. Lane [the lender] the amount due on his tax sale certificate, with costs taxed in his said suit, and upon acceptance thereof that he assign to Marian C. Lane his said tax sale certificate and substitute said Marian C. Lane as complainant in his place and stead" in the pending foreclosure suit.
The subject of immediate consideration is the application of the complainant for preliminary restraint. The allowance of the desired injunctive relief is unjustifiable and must be denied.
The texture of the bill itself is not only deficient, but its use for such an object is oppugnant to our modern practice and procedure.
Actually the complainant seeks to stay the proceedings in another cause pending in this court between the same parties and embracing the same subject-matter. Such relief may properly be sought by petition or by motion in the original cause. ParamountInvestment Corp. v. Jessop, 117 N.J. Eq. 8; 174 Atl. Rep. 581;Ellsworth v. Cook, 8 Paige (N.Y.) 643; Dyckman v.Kernochan, 2 Paige (N.Y.) 26; The Erie *Page 551 Railway Co. v. Ramsey, 57 Barb. (N.Y.) 449; affirmed,45 N.Y. 637.
In 1877 Chancellor Runyon, speaking for this court in Symmes
v. Strong and Suydam, 28 N.J. Eq. 131, 135, declared it to be the duty of the court to settle and adjust, in one suit, all claims between the parties in reference to the subject-matter of the litigation, if possible. Recently (1941) Mr. Justice Colie, rendering the opinion of the Court of Errors and Appeals inSpitz v. Dimond, 131 N.J. Eq. 186; 24 Atl. Rep. 2d 188, remarked: "An enlightened procedure calls for the settling of as many issues in one suit as is compatible with an orderly administration of legal and equitable principles."
The factual grounds for the application are now distinct in my mind, and I am constrained to say that if I were for present purposes to fancy that the bill is to be regarded as a petition in the foreclosure suit, I would nevertheless deny an order suspending the prosecution of that cause.
The complainant, whether she is recognized as an heir-at-law or as a devisee under the alleged will of her deceased mother, is an owner within the purview of the provisions of R.S. 54:5-54;N.J.S.A. 54:5-54, and as such is entitled only to the right to redeem and not to the right to receive an assignment of the certificate. As an owner she has no membership in the statutory category of those "not primarily liable" as that classification is created by R.S. 54:5-56; N.J.S.A. 54:5-56.
At the summary hearing of this application, counsel for the complainant imparted the information that there is an occupant of the property who is inclined to pay to the holder of the certificate the amount to which he is legally entitled in return for an assignment of the lien. Perhaps such an undertaking can be legally accomplished. Vide, Hannold v. Cundey,131 N.J. Law 87; 35 Atl. Rep. 2d 214.
It will be necessary to enter another order in the foreclosure suit fixing a new date for redemption; hence the "occupant" will be afforded an opportunity to exercise his or her right.
I shall advise an order dismissing the bill in this cause which will, of course, discharge the ad interim restraint. *Page 552