The object of the prosecution of this cause is to foreclose a tax sale certificate. The intervening matter in hand is the application of one Anna E. Carey to be admitted to the suit as a party defendant. She alleges in her petition that since 1940 she has been in actual possession of the premises to which the certificate relates and hence has an interest which a decree in the cause will affect. Chancery rule 13.
The indubitable purpose of the petitioner is to endeavor to accomplish a redemption of the premises by tendering to *Page 178 
the complainant the amount due on the certificate in exchange for its assignment to her pursuant to the terms of R.S. 54:5-54 and56; N.J.S.A. 54:5-54 and 56. Intrinsic in the present application is the determination of her statutory right to redeem.
A glimpse at the factual background will be enlightening. The premises were acquired by one Lucile Edith Borgfeld by deed of conveyance dated November 15th, 1905. She died seized thereof on January 2d 1928, survived by her husband, a defendant in this cause, and by two sons and two daughters. The purported will of Mrs. Borgfeld (which has not been probated) in nowise disturbs the right of curtesy to which her husband succeeded, and since both the coverture and seizin antedated the enactment of R.S.3:37-2; N.J.S.A. 3:37-2, the amplitude of that curtesy right is measured and governed by the law prevailing when coverture and seizin first met. Alt v. Kwiatek, 128 N.J. Eq. 469;17 Atl. Rep. 2d 161. Manifestly the surviving husband received and still retains a life estate in the premises. Bucci v.Popovich, 93 N.J. Eq. 121; 115 Atl. Rep. 95; affirmed, 93 N.J. Eq. 511; 116 Atl. Rep. 923.
I must, of course, consider the ensuing events. In January, 1940, the property seemed to be abandoned and taxes levied upon it had continuously accrued. The present petitioner was in impecunious circumstances and was the recipient of aid from the municipality. In that combination of circumstances the municipal collector of taxes perceived not only an emergency but also an opportunity. He opened the doors of the premises for the use of the petitioner at a rental of $12 a month. Yes, the rents were credited upon the tax arrearages.
On October 19th, 1943, the premises were sold to the municipality for unpaid taxes amounting to $1,319.94. Ten days later a tax sale certificate was duly issued. On December 11th, 1945, the certificate was transferred by assignment to one Donald Harrington, and on December 15th, 1945, the original certificate and the assignment were recorded in the office of the clerk of Middlesex County. The complainant is now the holder of the certificate. *Page 179 
Reverting to the interjacent experiences of the petitioner, it is acknowledged that she regularly paid to the collector of taxes the stipulated monthly rent from January, 1940, until November, 1945, at which time the collector expressed to her his inability to accept any further payments. She has nevertheless continued to reside in the premises. Her insistence is that she is the "occupant" of the land; that she is not a person primarily liable to pay the municipal lien, but one to whom the right to redeem has been accorded by statute. R.S. 54:5-54, 56; N.J.S.A.54:5-54, 56; Hannold v. Cundey, 131 N.J. Law 87; 35 Atl. Rep.
2d 214.
I suppose that almost every English word in common use has in some degree the characteristics of denotation and connotation in the ideas which it originates in the human mind. In this respect the word "occupant" is not exceptional. It undoubtedly denotes one who has the actual use and possession of a thing, yet many implications may cluster about it according to its contextual surroundings.
Basically, it must be acknowledged that one may be an occupant without any lawful right, title, or interest in the chattel or land. The thief may be the occupant of the stolen vehicle; the squatter or trespasser may be in actual possession of the land. I concede that occupancy when adequately seasoned by time may generate a consequential right, but I confess that I am unable to concur unqualifiedly in the conclusion that an "occupant" merely as such has an "interest in the land" in contemplation of the tax statute, and that such an implication is clear from its very language. Vide, Hannold v. Cundey, supra (at p. 88), which, received suaviter in modo, has undoubtedly been provocative of the petitioner's synthesis.
Assuredly, to understand a statute is to grasp its intended object and purpose. It is transpicuous that the authority to redeem is bestowed upon an owner to permit him to restore his title; upon a mortgagee for the protection of his lien; upon a tenant for the preservation of his leasehold estate; and upon others for the possible endurance of their existing legal interests in the land. But pray thee, what right or interest has a trespasser which the law would enable him to *Page 180 
aggrandize? It is my conviction that the "occupant" to whom the legislature intended to extend the privilege of redemption is alawful occupant having a lawful right or interest in the land.
If sections 54 and 56 are not to be co-ordinated in detecting the intent of the legislature and are to be regarded as independent rather than interdependent, it is then noticeable that the word "occupant" is absent in section 56 and the authority to redeem under its provisions is related to "a mortgagee or other person not primarily liable to pay the municipal lien, but having a lien or interest in or on the land
* * *." There are obvious and intelligible reasons why an owner's right to redeem should be confined to a discharge of the municipal lien, but it seems to me unimaginable that the legislature intended to accord to a mere squatter the right to obtain from a bona fide purchaser an assignment of the tax sale certificate equivalent in all respects to the right conferred upon a mortgagee or a lessee or other person not primarily liable but having a lawful interest or estate in the land. And is it to be reasonably supposed that it was intended to supply a squatter free from any privity with the owner a right which might be more liberal than that of a lawful tenant? I have in mind our decisions in Smith v. Specht, 58 N.J. Eq. 47;42 Atl. Rep. 599; Huber v. Liptak, 136 N.J. Eq. 515; 42 Atl. Rep. 2d705; affirmed, 137 N.J. Eq. 454; 45 Atl. Rep. 2d 490.
The outbranches of the present cause sustain, I think, the propriety of my interpretation of the statute. Here, the premises are encumbered by a mortgage of long standing which has become corpulent by the accumulations of unpaid interest over a span of years. No one desires to discharge the tax lien and submit to the mortgage. The holder of the certificate is naturally disinclined to lose the anticipated advantages of his bargain. One of the owners, an heir-at-law, unsuccessfully endeavored to oblige the present complainant to assign the certificate to her. She was entitled only to the right to redeem. McGuinness v. Taylor,138 N.J. Eq. 548; 49 Atl. Rep. 2d 251. Now, the petitioner who has been in fact an occupant of the premises since 1940 by reason of *Page 181 
her indigent circumstances comes forward to assert her right to an assignment of the certificate. One spontaneously inhales a sniff of ingenuity.
Nevertheless, it is necessary to ascertain whether the petitioner, as the occupant, has any legal right or lawful interest in the property. As previously stated, the action of the tax collector in 1940 is the source of the alleged possessory right of the petitioner. Certainly in 1940 before the tax sale in 1943, the municipality had no right to the possession of the premises. At the sale in October, 1943, the property was struck off to the municipality and a certificate issued, but it has been determined that the rights of the holders of tax sale certificates are only such as are conferred by the statutes in force at the time of the "purchase of the tax sale certificate."Forster v. Davenport, 128 N.J. Eq. 385; 16 Atl. Rep. 2d614.
The tax sale certificates implicated in Forster v.Davenport, supra, were purchased in 1938 and 1939. The decision in that case traces the statutory evolutions relative to the rights of possession which flow from a tax sale certificate and is authority for the proposition that at that time (1938 and 1939) the tax sale statute conferred no possessory right upon the holder of a tax sale certificate. R.S. 54:5-50; N.J.S.A.54:5-50.
The only changes affecting the subject which have come to my attention are to be found in P.L. 1943 ch. 144 p. 393 § 1
(effective April 8th, 1943), which amended P.L. 1942 ch. 54p. 292 § 1. R.S. 54:5-53.1; N.J.S.A. 54:5-53.1. It is evident that such legislation was effective to create a possessory right in favor of the township upon the recordation of its certificate. Incidentally, in the present cause the certificate was not recorded until December 15th, 1945, and then by the assignee Harrington. Accordingly, between 1940 and November, 1945 (the period during which the petitioner paid rent) the township had no lawful right to grant to the petitioner the possession of the premises.
Recognizing, then, the acknowledged facts and the applicable law, I am unable to distinguish any legal basis for the asserted right of the petitioner to the possession and occupancy *Page 182 
of the premises. Consequently, I am obliged to characterize her status as that of a trespasser. It was long ago announced that whatever is essentially a trespass cannot become lawful from the circumstance that it was done with good intention. Bruch v.Carter, 32 N.J. Law 554.
It is not out of tune to add that the present cause has already progressed to the stage where the master had fixed a time and place for redemption in consonance with the modern practice. The admission of a party is largely a matter of discretion to be equitably exercised with due regard to the rights of all. Downs
v. Jersey Central Power, c., Co., 115 N.J. Eq. 448;171 Atl. Rep. 306.
I have fully and deliberately considered the claim sought to be sustained by the petitioner, and I conclude that it is not tenable. The petition is denied.