The issue in this case is whether the plaintiff, having an estate in curtesy in property acquired by his wife in 1925 and in which property he remained in sole occupancy since his wife's death in 1934, is entitled to recover taxes, interest, insurance and repairs from the remaindermen.
Plaintiff married Louise Dinges in 1891. Together they acquired title to a dwelling house in 1912 in Bloomfield as tenants by the entirety. Plaintiff and his wife joined in a *Page 392 
deed June 30, 1925 whereby they conveyed the property to their son Frederick, who on the same day reconveyed the property to the wife, Louise Dinges. The wife died on June 24, 1934 intestate, leaving her surviving her husband (the plaintiff) and three children, Frederick Dinges, Louise Collins and Hulda Vardon, who became vested with the fee by descent and still continue to hold the same. None of the remaindermen occupied the dwelling with him. Plaintiff has since remarried and now seeks to recover from the remaindermen the maintenance charges usually incident to and borne by a life tenant. That plaintiff paid taxes, interest, insurance and repairs is not denied by the remaindermen.
The extent of plaintiff's curtesy in the property of which his wife died seized is governed by the law in effect at the time his wife became seized of the land, namely, June 30, 1925. Statutes subsequently enacted are without effect. Since both the coverture and seizin antedated the enactment of R.S. 3:37-2, N.J.S.A. 3:37-2, the husband's curtesy right is measured and governed by the law prevailing when coverture and seizin first met. Alt v.Kwiatek, 128 N.J. Eq. 469, 17 A.2d 161. The surviving husband therefore received and still retains a life estate in the premises. Bucci v. Popovich, 93 N.J. Eq. 121, 115 A. 95; affirmed, 93 N.J. Eq. 511, 116 A. 923; Taylor v. Borgfeld,139 N.J. Eq. 177, 50 A.2d 654.
The parties stipulated before me that plaintiff paid the taxes, insurance, interest on mortgage and repairs since June, 1934 to June 1948. There is no evidence before me as to the rental value of the premises. As life tenant it was his duty to pay these items, which over the years total the sum of $5,142.50.
Judgment for the defendants. *Page 393