20 N.J. Super. 97 (1952)
89 A.2d 103
MARIE CANNICI, PLAINTIFF,
v.
NATHAN SCOTT AND PEARL SCOTT, HIS WIFE, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided May 23, 1952.
*98 Mr. Charles Bernstein, attorney for plaintiff.
Messrs. Feder & Rinzler, attorneys for defendants.
GRIMSHAW, J.S.C.
The above-entitled litigation was concerned with the foreclosure of a tax sale certificate. Final judgment in the proceeding was entered on January 2, 1952.
Benedict J. Werner and B.J. Werner, Inc., have filed a petition in the cause, seeking the reopening of the final judgment, to the end that they may be made parties defendant and given the opportunity to redeem.
The facts as presented by counsel at the argument are as follows:
On October 15, 1947, the City of Garfield assigned a certificate of tax sale, covering the property which is the subject of this litigation, to one John Roehrich. He took immediate possession of the lot. On May 3, 1948, Roehrich assigned the certificate to the petitioner Benedict J. Werner who went into possession and stored automobiles on it. He also erected a small building which he uses as an office. He has been in continuous possession of the premises since that date.
No proceedings to foreclose the tax sale certificate were taken by Roehrich or Werner.
On June 18, 1951, the City of Garfield sold the tax sale certificate to the plaintiff Marie Cannici. Final judgment in a foreclosure proceeding instituted by her was entered on January 2, 1952. On January 10 she conveyed the premises to Bridgewater Development Co., a New Jersey corporation. That company, on January 11, 1952, mortgaged the premises to one Morris Cantor for $2,000. On January 28, 1952, Bridgewater Development Co. conveyed the premises to H-B Tire & Rubber Co., a corporation of New Jersey.
*99 Plaintiffs base their application upon the fact that they have been in continuous, open and notorious possession of the premises since 1947 and, as a result, they claim that they are occupants of the premises within the meaning of R.S. 54:5-54 which provides as follows:
"The owner, mortgagee, occupant or other person having an interest in land sold for municipal liens, may redeem it at any time within two years from the date of sale, or at any time thereafter until the right to redeem has been cut off in the manner in this chapter set forth, by paying to the collector, or to the collector of delinquent taxes on lands of the municipality where the land is situate, for the use of the purchaser, his heirs or assigns, the amount required for redemption as hereinafter set forth."
Petitioners' rights arise solely out of and are fixed and determined by the Tax Act. Absecon Land Co. v. Keernes, 101 N.J. Eq. 227 (E. & A. 1927).
R.S. 54:5-114.4 provides:
"Any and all purchasers of the tax sale certificates and subsequent municipal liens purchased, as hereinabove described, must foreclose at their own expense, the right of redemption, and record the final decree of the proceedings thereof in the county wherein the land is situate within two years from the date of the confirmation of the sale by the governing body."
And, in Section 114.5 of the same chapter, it is provided, among other things, that, "If the final decree shall not have been recorded within two years from the date of the confirmation of the sale, or on the expiration of the extended time or times, then the sale shall be null and void, and the right, title and interest of the purchaser shall cease and revert to the municipality."
The meaning of the word "occupant" as used in R.S. 54:5-54 has heretofore received consideration by this court in the case of Taylor v. Borgfeld, 139 N.J. Eq. 177 (Ch. 1947). And it was there determined that the "occupant" as referred to in the statute meant an occupant having a lawful right or interest in the land.
*100 Since neither Roehrich nor Werner took any steps to foreclose the certificate it is obvious that no final decree was recorded within the two-year period required by the statute. And that being so, the right, title and interest of Werner ceased and reverted to the municipality. R.S. 54:5-114.5. Werner, therefore, cannot at this time be considered as an occupant having a lawful right or interest in the property. His petition will be denied.